Thomas H. Silkman and others *v.* Henry Boiger.

The requirement in a summons issued by one of the district or justices' courts, that the defendant appear to answer the plaintiffs' "complaint for money due," although not so explicit a description of the cause of action as is desirable, is sufficient to confer jurisdiction.

The attorney who appears for the plaintiff in the district courts, is not bound to produce his authority, unless required by the defendant.

Whether this court can reverse or suspend a judgment, upon the ground that manifest injustice has been done, and thereupon order a new trial, under § 366 of the Code, unless that is stated, as a ground of appeal in the notice served by the appellant? *Dub.*

The unsupported affidavit of the defendant, when in direct conflict with the testimony given on the trial by a disinterested witness, is not sufficient proof that "manifest injustice has been done" to warrant this court in reversing or suspending the judgment, and ordering a new trial under § 366 of the Code, relating to appeals from the Marine and District Courts. (*a*)

Review of a judgment of the Fifth District Court, rendered in favor of the plaintiff. The facts relating to the several grounds of appeal taken by the defendant are sufficiently in-

(*a*) See *Gottsberger* v. *Harned,* 2 E. D. Smith, 128, and note *a,* ib.; *Gardner* v. *Wight,* 3 id. 334.

dicated in the opinion. Upon the argument, in addition to other objections, a reversal and suspension of the judgment and a new trial were urged, under § 366 of the Code, on the ground that manifest injustice had been done to the defendant, who failed to appear at the trial. This point was not stated in the notice of appeal.

*John L. Hanes,* for the defendant.

*Samuel C. Gerow,* for the plaintiffs.

By THE COURT. WOODRUFF, J.—It is, at least, doubtful whether we are at liberty to reverse or suspend a judgment upon the ground that manifest injustice has been done, and thereupon order a new trial, under section 366 of the Code, unless that is stated as one of the grounds of appeal in the notice given of such appeal by the appellant.

But without deciding that question, it must suffice to say, that the affidavit of the defendant above is not sufficient to show that such injustice has been done, when it is wholly unsupported, and is in direct contradiction of the positive evidence of a disinterested witness examined on the trial. And if we look into the counter affidavits produced by the respondents, the defendant's affidavit is entirely overborne, and the proof becomes convincing that the judgment is just, and ought to stand.

This court, in *Cole* v. *Chamberlain,* 2 Code Rep. 142, and in *Bray* v. *Andreas,* 1 E. D. Smith, 387, held, that a summons issued out of the district courts in this city must contain a statement of the cause of action, so far that its nature must appear; and that otherwise the justice acquired, in virtue of such summons, no jurisdiction. We see no reason for changing the opinion declared in those cases; but we are not disposed to push the doctrine to any extreme of refinement or merely technical criticism, if the rule is substantially complied with, and the summons shows enough to *prima facie* sustain the jurisdiction of the court.

The abstract of the summons contained in the return is alone furnished us ; a copy of the summons would have been the proper return to submit, that we might see its precise form and contents ; but the abstract states that the defendant was summoned to appear on a day named to answer the complaint of the plaintiffs, "for money due," then and there to be exhibited, &c., to the plaintiffs' damage, &c. This is, in effect, stating that he is required to appear and answer the plaintiffs' complaint for money owing and unpaid ; and this is describing, in the language of common parlance, an action of debt, of which the justices' courts had jurisdiction before the Code, and (without regard to forms or technical names of actions) still have jurisdiction. *Prima facie*, the language of the summons, I think, imported a cause of action of which the justice had jurisdiction, and clearly the cause thus described is not within any of the classes of action excluded from the jurisdiction of those courts. (Code, § 54.) I do not think the language is so explicit as is desirable, but it being enough to *prima facie* import jurisdiction in the jus tice over the subject of the action, the rule that we shall not reverse a judgment for technical defects not affecting the merits, applies to it.

The attorney who appears for the plaintiff in the district courts is not bound to produce his authority, unless it is required by the defendant. The statute to which the appellants' counsel refers, (2 Rev. Stat. 233, § 45,) does not apply to the Marine and District Courts in this city. (See 2 Rev. Stat. 267, § 231.) But even under that statute it was held, that the justice was not bound to require proof of the authority of the attorney for the plaintiff, if the other party did not require it. (*Ackerman* v. *Finch*, 15 Wend. 652.)

I can discover no deficiency in the proofs produced by the plaintiffs on the trial. The plaintiffs' witness testified to a sale by the plaintiffs to the defendant of a promissory note for $38 28, made by a third person, at a price agreed upon, upon which the defendant promised to pay, viz., $35 20. This established a sale, and the subsequent admission by the

defendant, that he had passed the note away, was evidence that the note was delivered to him. The defendant's remark, when payment was demanded, that he had passed the note away and could not pay it, amounted to an admission that he had not yet paid. This was enough, and more than enough, to make out *prima facie* a cause of action.

The judgment must be affirmed, with costs.