## SUPREME COURT.

JOSEPH KNIGHT, respondent, agt. ROBERT S. ODELL, appellant.

An attorney of this court, or any other person, who is deputized by a justice of the peace to serve, and does serve, the summons in the action, is prohibited from acting as counsel on the trial, by the statute which forbids a *constable*, who serves the original or jury process, from acting as counsel at the trial.

*Albany General Term, October,* 1859.

THIS was an action of trespass *quare clausum fregit*, brought in a justice's court, for cutting and carrying away a quantity of hay. There is nothing either in the complaint or in the evidence offered on the trial showing the *locus in quo*, or even the town, county, or state, where the alleged trespass was committed. The defendant did not appear at the trial, that being had at ten o'clock A. M., but he did appear before the justice at the place at one o'clock P. M., for the purpose of answering to said action.

The attorney for the plaintiff was deputed by the justice to serve the summons, and served and returned the same, acted as counsel for the plaintiff on the trial (the plaintiff not being present), and was the only witness sworn on said trial. The same person acted as constable, counsel and witness.

The justice rendered judgment in favor of the plaintiff, and the defendant appealed to the Rensselaer county court, where the judgment was affirmed, and the defendant appealed to this court.

L. R. SAUNDERS, *for appellant*, argued the following points:

I. The justice erred in allowing the person who served the summons to act as counsel at the trial.

1st. Because the statute prohibits the constable who served the original process in the action from acting as counsel at the trial. (2 *R. S.* 4th ed. p. 34, § 42—and see *Crocker on Sheriffs*, p. 382.)

2d. The statute does not prohibit constables generally from acting as counsel at the trial, but the constable who served the original or jury process. Thus it is clear that the legislature intended to prohibit the person who served the process from acting as counsel at the trial, and this case comes precisely within the prohibition intended to be made by the legislature.

3d. Although a person deputized by a justice of the peace · is not *eo nomine* a constable, yet he is *quasi* constable, and is to be so regarded in the service of process.

4th. This statutory prohibition applies to causes where the defendant does not appear at the trial; and if in such case the person who served the original process acts as counsel at the trial, the judgment will be reversed if rendered in favor of the plaintiff. (*Crocker on Sheriffs*, *p.* 382; *Ford* agt. *Smith*, 11 *Wend.* 74.)

5th. There is in this case, on the face of the return, enough to raise a strong presumption that something wrong was intended in the very commencement of this action. Why was an attorney of this court deputed to serve a summons in a justice's court in a case in which · he was himself at once to be constable, counsel, and witness?

Mr. Odell says, that the summons was read to him, returnable at one o'clock P. M., instead of nine A. M.

This, it is true, does not appear upon the return in words. But quite enough does appear to impress upon the mind the probability of the truth of what is above stated.

II. There was no evidence in this case for the justice to pass upon, tending to show that the plaintiff was ever in possession of the premises upon which the alleged trespass was committed.

1st. Because the proof shows the admission·of defendant, under oath as a witness on another trial, that he took and carried away, and put in his own barn, a quantity of hay worth six or eight dollars. It may, perhaps, be presumed this was the same hay which the plaintiff spoke of to the defendant at the time the attorney witness heard him talking to the defendant. The language used by the plaintiff was, according

Knight agt. Odell.

to the witness's statement: " Plaintiff said to the defendant that he had been in possession of the meadow where the hay grew for the last two or three years, and asked defendant what right he had to come there and take his hay? Defendant says, If I have taken it, you must prove it."

Now, suppose that the defendant, when testifying that he took and carried away the hay, meant the same hay which the plaintiff meant in the above conversation, and what follows? The evidence may have been competent as a conversation between the parties, but the defendant denies that he took away any hay from the possession of the plaintiff, or which belonged to the plaintiff. He says, " If I have done so, you must prove it." This certainly is not an admission that either the hay belonged to the plaintiff, or was taken from his possession, and the plaintiff certainly cannot use his own declarations as evidence in his own favor. And without this there is not a particle of evidence tending to show that the defendant ever took away any hay from any premises in the possession of the plaintiff; nor is there any evidence to show that the plaintiff was ever in possession of any premises upon the face of the earth; nor is there any evidence to show where the *locus in quo* in this case is to be found. The place should be alleged in the complaint, and proved upon the trial, in order to entitle the plaintiff to recover. (*See Cowen's Treatise*, 2d ed., part 1st, p. 370, and cases there cited; also, id., 4th ed., § 1199.)

III. The defendant can raise any objection here which he might have taken had he been present at the trial. (*Tiffany* agt. *Gilbert*, 4 *Barb.* 322, and cases there cited.)

IV. The judgment should be reversed with costs.

E. S. STRAIT, *for respondent.*

GOULD, Justice. I see no cause for reversing this judgment, unless it be that the *attorney* for the plaintiff served the summons, being specially deputized for that purpose. This, I am rather of opinion, *is* within the *spirit* of the statute, which *forbids* the *constable* who serves the summons to appear as *counsel on the trial.*

I think the county court and justice's judgment must be reversed.

HOGEBOOM, Justice.   I am inclined to concur in the foregoing opinion.   The person serving the process, though not *in name*, is, *in fact*, for the purposes of the cause, a constable. The same objections really exist to his appearing and advocating at the trial as to an ordinary officer.   Besides the statute says (§ 272), that he "shall be subject to the same *obligations*," which, I think, ought to be construed to include *disabilities*.