## WILKINSON *vs.* VORCE and WILBUR.

A copy of a judgment rendered by a justice of the peace, and of the proceedings to recover the same, signed by the justice with his official signature, and proved by the testimony of a witness to be a correct copy, must, in a collateral action, be regarded as proof of the rendering of the judgment, and of the various proceedings by which it was obtained.

One serving a summons issued by a justice of the peace under a special authority given to him by the justice, is to be deemed a constable *quoad* the action, and is prohibited from appearing and acting as counsel for the plaintiff on the trial.

His appearance on the trial is an error for which the judgment and proceedings will be reversed, on appeal.   But it will not affect or take away the jurisdiction and authority of the justice to proceed in the action.

The justice having acquired jurisdiction of the person of the defendant, and become completely possessed of the action, by the issuing and service of a summons in the manner required by law, his judgment, rendered in such action, will, until reversed, be valid and effectual, and good authority for the issuing of an execution, notwithstanding such irregular appearance for one of the parties.

Wilkinson *v.* Vorce.

APPEAL by the defendants from the judgment of a county court, on appeal from the judgment of a justice's court.

*A. Wager,* for the plaintiff.

*W. Brewer,* for the defendants.

*By the Court,* BROWN, J. The defendants were sued before a justice of the peace in the county of Dutchess, for the taking and the conversion of certain articles of personal property. The defendant Vorce was a constable, at the time of the alleged taking, and both the defendants pleaded a justification by virtue of a judgment and an execution issued thereon, which judgment was rendered in an action wherein the defendant Henry Wilbur was plaintiff and one Hiram Wilkinson was defendant, before W. K. Ostrom, a justice of the peace of the county of Dutchess. The plaintiffs in this action obtained judgment, whereupon the defendants brought an appeal to the county court, where the action was re-tried according to the form of the statute, and the plaintiff had a verdict, upon which judgment was entered, and the defendants appealed to this court.

Upon the trial in the county court, the defendants produced and proved by the witness, Henry Killmer, that the paper shown him, which purported to be a copy of the judgment and proceedings which the defendants set up in justification, was a correct copy of a judgment and the proceedings to recover the same, rendered in the action wherein Henry Wilbur was plaintiff and Hiram Wilkinson defendant, by W. R. Ostrom, justice of the peace, on the 31st day of October, 1861, for the sum of $46.15 damages and costs, for goods and merchandise sold and delivered. The copy of the judgment was signed by the justice with his official signature, from which it appeared that the summons was issued on the 25th of October, 1861, returnable on the 31st of the same month, at ten o'clock A. M. at the house of John Crandle.

Wilkinson *v.* Vorce.

On the last named day it was returned as having been personally served on the defendant therein, on the 25th of October, 1861, by William Brewer, who duly indorsed thereon the service thereof on that day, which said William Brewer, the copy stated, had been deputized by the justice to serve the said summons. The paper also certified that at the time and place of the return of the summons, Brewer appeared and answered for the plaintiff and was sworn, and testified that he was authorized so to appear and answer. It also appeared from the paper that Wilkinson the defendant did not appear; that the plaintiff furnished a written complaint for the goods sold, and examined two witnesses to prove the debt, upon which evidence the justice rendered the judgment.

The plaintiff, upon the trial in the county court, took several objections to this proof. 1st. That there was nothing to show that Brewer had authority to serve the summons, and it should appear that he was deputized in writing. 2d. That there was no proof of the service of the summons. 3d. That if Brewer served the summons under authority, he was thereby a constable *pro hac vice*, and could not appear and act as the attorney for the plaintiff in the action. The county court sustained these objections, and rejected the proof as insufficient to show a valid judgment, but the specific ground of the decision does not appear; whether because the copy of the proceedings and judgment before the justice was not proof of the facts therein stated; or whether because Brewer, who acted as the constable in the service of the process, also appeared at the return thereof as the attorney for the plaintiff. Upon either ground I think the county court committed an error.

The power of the justice over the subject matter of the action, his authority to issue the process, and to deputize a person other than a constable to serve the process, is expressly given by the statute, and not disputed. But the plaintiff contends that there must be actual proof of the power of the deputy, by the production of the written authority required

by section 191 of the statute, and in addition there must be actual proof of the service, by the production of the written return of the person so deputized and making the service. This is in fact saying that the entries of the justice in the book kept by him for that purpose are not proof of the facts therein stated, and are of no value except as a journal or record for his own information. Section 169 requires every justice of the peace to keep a book in which he shall enter the several facts enumerated under the 15th subdivision of the section, and section 170 declares that such entries shall be made under the title of each cause to which they respectively relate, and in addition thereto he may enter any other proceeding had before him in such cause which he shall think it useful to enter in such book. The next section (171) makes the transcript of such judgment and proceedings, certified by the justice, evidence thereof before any other justice. In the present instance the transcript had not the verification of the county clerk as required to make it absolute and complete, as provided in section 173. But it was proved by the testimony of the witness Henry Killmer, to be a correct copy of the judgment and proceedings before the justice, W. R. Ostrom. In a collateral action it must be regarded as proof that Brewer was deputed to serve the process and did serve it accordingly, and returned it to the justice with his return duly indorsed thereon. It is made evidence by the statute; and of what else can it be the evidence except of the judgment rendered and the various proceedings by which the judgment was obtained?

The case of *Knight* v. *Odell*, (18 *How. Pr. Rep.* 279,) affirms that a person serving process under a special authority given by the justice is to be deemed a constable *quoad* the action, and is prohibited from appearing and acting as counsel upon the trial. Brewer was therefore disqualified from doing what he did, and his appearance upon the trial was an error for which the judgment and the proceedings would have been reversed upon appeal. The decision of the county court

Wilkinson *v.* Vorce.

does not regard this circumstance as a mere error or irregularity, but goes to the extent of holding that thereby the justice lost his jurisdiction over the action, and whatever he did therein was *coram non judice* and absolutely void. In *Barnes* v. *Harris*, (4 *Comst.* 375,) Judge Gardiner in his opinion assumes it "as a principle to which it is believed there is no exception, that a court having authority to issue process acquires jurisdiction of the person of the defendant, *prima facie*, by the personal service of that process upon him in the manner required by law." The action was commenced against Hiram Wilkinson by the issuing and the service upon him of the summons. This was done by persons having proper authority, and at the time of the return of the summons the justice acquired jurisdiction and became completely possessed of the action, with power to proceed therein to judgment. After that, the appearance of William Brewer who served the summons was a mere error. It did not affect or take away the jurisdiction and authority of the justice to proceed in the action. It afforded good reason for the reversal of the judgment he rendered, upon appeal, but until reversed the judgment was valid and effectual, and good authority for the issuing of the execution upon which the defendants relied as a justification in this action.

The judgment of the county court should be reversed, with costs.

[KINGS GENERAL TERM, February 8, 1864. *Brown, Scrugham* and *Lott,* Justices.]