## ERIE COUNTY COURT.

HURD, Respondent, agt. BEEMAN & BEEMAN, Appellants.

In an appeal founded on errors in fact, from a Justices' Court to the County Court, at some time before the argument of the appeal, the respondent should be served with the affidavits which are relied upon to support the affirmative of the allegation; the respondent would then be enabled to contest the error by counter affidavits. (*The Code of* 1852 *differs from that of* 1851, *by allowing an appeal to be taken merely by the* SERVICE OF A NOTICE, *unaccompanied by the* AFFIDAVITS *which were previously required.*)

*It seems* that the rule regarding special motions would be a safe one to follow, as to the *time* of the service of the affidavits.

*Erie County Court, February,* 1853.    In this case, before the Justice the jury rendered a verdict in favor of the plaintiff for damages.    At the time of joining issue, one of the defendants being an infant, a guardian was appointed by the justice, on the plaintiff's motion, but it so happened that the guardian was also an infant; that fact being unknown to the justice.    When the appeal papers were served upon the justice, certain affidavits were also served upon him showing the infancy of the guardian, and upon the argument of the appeal, the counsel for the appellant offered to read those affidavits alleging error in fact as a foundation for the appeal.    It did not appear that the respondent had been served with copies, or any notice that they would be read.    This appeal was taken in the name of both defendants, and not by one in his own proper person, and by the infant by a guardian.

N. A. HALBERT, *for Appellants.*

H. CAMERON, *for Respondent.*

SHELDON, Co. Judge.—Section 366 of the Code provides that if the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the alleged error in fact on affidavits, and may in its discretion inquire into and determine the same upon examination of the witnesses.    The mode by which parties were to avail themselves of the right to

review judgments and proceedings of courts of a justice of the peace, both as to errors of law and fact, before the amendment of the Code in 1852, was discussed by Justice MULLETT, in Adsit agt. Wilson, (7 *Howard Pr. Rep.* 64.) He decided that the legislature had repealed all former statutes providing for the review of judgments rendered by courts of justices of the peace, and had declared that the only mode of reviewing such judgments should be by appeal to the County Court, as provided by the Code; and the learned judge proceeds to state fully the practice governing such appeals, in these words: " The appeal is to be taken by affidavit, which shall state the substance of the testimony and proceedings before the court below, and the ground upon which the appeal is founded. To this affidavit the respondent may make a counter affidavit. Both affidavits are to be served on the justice, who is to make a return to the appellate court of the testimony, proceedings and judgment. This return would bring before the County Court all the proceedings, decisions and errors of the Justices' Court, affecting the merits of the cause or the subject matter of the action, and the rights of the parties, as distinguished from those which affect the mere proceedings. And as to those irregularities which relate to the mere proceedings, which were not before the justice and which the justice could not return, the affidavit and counter affidavit would be equivalent to an assignment and joinder in error *of fact.* When the appeal is founded upon these, the County Court may try it upon affidavits or on the examination of witnesses by the Code of 1851."

He then remarks that " these provisions make out a full and complete system for the review of judgments and proceedings of courts of justices of the peace by county courts, both as to errors of law and fact, without giving them any arbitrary or illegal control over a full and fair trial of the facts in the way pointed out by law."

This decision applied to the law existing before the amendment of the Code in 1852, by which last amendment it was provided that an appeal was to be taken merely by the service

of a notice, unaccompanied by the affidavits which were previously required, and it is necessary to examine in the present case the practice to be observed under the existing statute, in attempting to review a judgment of a justice for an error in fact. The alleged errors may be determined upon affidavits, and the question is, how these affidavits are to be presented to the appellate court, and who may present them. The appellant in this case caused affidavits to be served upon and returned by the justice with his return to the notice of appeal, which affidavits stated the error fully, in the nature of an assignment of errors. This may have been well enough, so far, but I think by the spirit of the decision above adverted to, and the general rule which would allow each party to have a full hearing upon a disputed point, or an opportunity to have it, that the appellant has not properly brought the error before the court. He should at some time have informed the respondent of his intention to assign the error, and allowed him the privilege of denying it in the nature of a joinder in error, if he chose so to do. Then each party would be enabled to inform the court by affidavits of the facts and present it with the material upon which its action could consistently be founded in determining the alleged error. Otherwise the investigation is *ex parte*, and as in this case, would be a surprise, and might work serious detriment to a respondent who, until the argument of the appeal might be entirely unaware of the alleged error of fact. I think that at some time before the argument of an appeal founded on errors in fact, the respondent should be served with the affidavits which are relied upon to support the affirmative of the allegation, and then, when the appeal is brought on for argument, the respondent would be enabled to contest the error by counter affidavits, leaving the question for the court to decide. What length of time is necessary is not important for me to say, but it may be well to remark that it would seem that the rule regarding special motions would be a safe one to follow, and which would probably be sufficient. I have been led to remark thus fully upon this point as it seems not to have been decided in any reported case since the Code

of 1852, and conclude that the practice above stated would be proper and prudent to govern the mode of bringing errors of fact before this court for hearing and determination. Upon the above premises, I must decline to consider the alleged error of fact in this cause, and shall decide upon the errors of law.

The counsel for the respondent claimed that this appeal was void, as being taken by the infant in his own proper person, and by attorney, and not by a guardian. It seems to me that this point should properly be raised by a motion to quash. For all that appears on the record, the party who was an infant at the time of joining the issue before the justice might have attained his majority at the time of perfecting the appeal, and I do not think I can consider that point here.

But upon the merits, the only points made by the appellant were that the father was not liable for the tortious acts of his son and co-defendant, not done by his authority, and that the father, who was the owner of the dog, was not answerable for the acts of the dog, unless he had previous notice or knew him to be vicious. These propositions may be abstractly correct, but there was evidence before the jury tending to show that the son acted under the direction, or at least by the assent and concurrence of the father, and also that both defendants set the dog upon the cow, whereby injuries were inflicted which caused her death, and upon the principles laid down in the recent cases, this court will not interfere with the verdict of the jury upon such questions. The whole facts were before the jury who were the proper judges in the case—a constituted tribunal whose verdict upon proper evidence must not be disturbed.

The judgment must be affirmed.