AMBROSE SPERRY et al., Respondents, v. ORIN H. REYNOLDS, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, MAY, 1872.)

It is sufficient to confer jurisdiction of the defendant upon a justice of the peace, in the case of a summons served by copy only, if the plaintiff appears in person on the return of the summons, and the defendant, by attorney, who does not prove his authority to appear, and issue is joined, and the case adjourned by consent without the plaintiff's requiring proof of the attorney's authority, or objecting to the absence of it. (POTTER, J., dissenting.)

The statute (2 R. S., 233, § 45) does not make any distinction, between the proof required to be made of authority to appear in the case of a summons personally served, and of one served by leaving copy only. In either case, such authority is admitted where the opposite party appears and joins issue without objection to the absence of proof of it.

Where the summons is served by copy, and the defendant appeals from the judgment upon errors of fact, to be established by affidavits and other proofs (Code, § 366), and relies on want of authority to appear for him below, he must show the fact by affidavits or testimony.

THIS action was brought before a justice of the peace. The summons was served by copy only. On the return day, the plaintiffs appeared in person. The defendant did not appear in person, but one Crandall appeared and answered for him as his attorney. He did not prove his authority to appear for the defendant, and the plaintiffs did not expressly admit his authority to appear as attorney for the defendant, but allowed him to answer the complaint without objection; and then such attorney and the plaintiffs consented that the cause should be adjourned to a future day, and upon such consent the justice adjourned the cause to the day agreed upon.

On the adjourned day the plaintiffs appeared, but the defendant did not appear, either in person or by attorney. The plaintiffs then proved the cause of action alleged in their complaint, which was trespass for the defendant's cattle breaking and entering the plaintiffs' close, and doing damage therein. The justice rendered a judgment against the defend-

Sperry *v.* Reynolds.

ant for forty-five dollars damages, besides costs. The defendant appealed therefrom, and the Cortland County Court affirmed the judgment, and the defendant appealed from the judgment of the County Court to this court.

*H. Ballard,* for the respondents.

*M. M. Waters,* for the appellant.

Present—MILLER, P. J., POTTER and BALCOM, JJ.

BALCOM, J.   The defendant's counsel makes the point that the justice of the peace did not acquire jurisdiction of the defendant for three reasons: 1. The defendant did not appear before him; 2. The summons was served by copy only; 3. Crandall, who appeared for the defendant, did not, in any manner, prove his authority to appear for him.

It is provided by statute that in a justices' court "Every defendant in a suit, except persons under twenty-one years of age, may appear and defend the same in person, or by attorney; but where a warrant shall have been served on a defendant and returned, no further proceedings shall be had against him until he shall have personally appeared in court." (2 R. S., 232, § 41.)   Further: "The authority to appear by attorney may be either written or verbal, and shall, in all cases, be proved either by the attorney himself, or other competent testimony, unless admitted by the opposite party; and the justice shall not permit any person to appear as attorney for another without such proof or admission." (Id., p. 233, § 45.)

The plaintiff admitted the authority to appear of Crandall, who answered for the defendant, by not objecting to his right to appear, and by allowing him to answer his complaint without objection, and by agreeing with him upon an adjournment of the cause. (*Ackerman* v. *Finch,* 15 Wend., 652.)

The defendant's counsel admits this would have been a good appearance for the defendant, and would have conferred

jurisdiction of the defendant upon the justice if the summons had been personally served on him. But he insists that it was necessary for Crandall, who assumed to be the attorney of the defendant, to prove his authority to appear in the cause, for the reason that the summons was served only by copy.

A summons may be served by copy. (2 R. S., 228, § 15.) The defendant may appear and answer on the return day of a summons thus served. (Id., § 18, subdivision 2; id., § 11; id., p. 233, § 47.) And the statute does not require an attorney, who appears for the defendant on the return day of a summons so served, to prove his authority to appear when it is admitted by the plaintiff. The plaintiff may admit the authority of the attorney, who appears for the defendant, when the summons has been served only by copy, as well as he can when it is personally served.

The fifth ground of appeal to the County Court, in this case, is stated as follows, to wit: " This appeal is founded on errors of fact to be established by affidavits, to be hereafter served, and on other proofs." That was in conformity with a clause in section 366 of the Code. But the defendant did not make and serve any such affidavits, or offer any other proof in the County Court to show he did not authorize Crandall to appear for him, as his attorney, before the justice. If the defendant had offered such affidavits or other proof in the County Court, the plaintiff would have had an opportunity to prove that Crandall had authority to appear for the defendant before the justice.

I am of the opinion the defendant had no other ground for appealing from the judgment of the justice than the alleged error of fact, which he should have proved in the County Court by affidavits, or by calling witnesses there, as he might have done in pursuance of section 366 of the Code. And the just inference is, if there was such an error of fact as is alleged in the defendant's notice of appeal, he would have proved it in the County Court.

The principle stated in *Hurd* v. *Beeman* (8 How., 254),

*Fitch* v. *Devlin* (15 Barb., 47), and other cases, shows that the defendant should have proved his alleged error of fact, if any there was, in the County Court.

I think it is very clear that no error was committed by the justice in allowing Crandall to appear as attorney for the defendant without proving that he was authorized to appear for him; for the reason that the plaintiff did not require any such proof, and admitted his authority.

For these reasons, I am of the opinion that the judgment of the County Court, affirming that of the justice, should be affirmed, with costs.

MILLER, P. J.    The summons issued by the justice against the defendant was served by copy, and the defendant did not appear to answer it personally, but another person assumed to appear for him, who did not swear to or prove his authority.

This is claimed to be error by the defendant's counsel, and it is insisted that, by reason thereof, the justice did not acquire jurisdiction.    By the Revised Statutes (vol. 2, p. 233, § 45): " The authority to appear by attorney may be either written or verbal, and shall, in all cases, be proved either by the attorney himself, or other competent testimony, *unless admitted by the opposite party;* and the justice shall not admit any person to appear for another without such proof or admission."

It will be seen by a close perusal of this provision that the proof of authority may be waived by an admission of the " opposite party."    The opposite party is under no obligation to object to the want of authority or to require proof of the same, and, by failing to do this, virtually concedes the right of the person claiming to appear.    The omission to object was an admission of the authority.    In *Ackerman* v. *Finch* (15 Wend., 652) it was held that the justice was not bound to require proof of the authority of the person who claims to appear as attorney for one of the parties, if the other party does not object, and that non-objection must be received for *admission,* within the meaning of the statute.    The fact that

the summons in this case was served by copy does not, in my opinion, prevent the application of the rule laid down in the case last cited. The same provision of the statute is applicable, and no distinction exists between this and a case where the summons is personally served.

The defendant relies upon *Miller* v. *Larmon* (38 How., 417). It does not distinctly appear whether there was any issue of fact in this case. If there was not, then the rule laid down is in conflict with the case last cited, which must be held to be the law until questioned by a tribunal of at least equal authority.

Upon the return of the justice, from which it appears that the person who appeared for the defendant neither proved nor swore to his authority, there was no legal error which authorizes a reversal of the judgment. The defendant, in the notice of appeal, claims, however, to reverse the judgment for errors of fact to be established by affidavits.

Where the appeal is founded upon such an allegation, the appellant must serve affidavits upon the opposite party, and the latter must have an opportunity to respond and contest the matter, as provided in section 366 of the Code. (See *Lynch* v. *McBeth*, 7 How., 113; *Hurd* v. *Beeman*, 8 id., 254; *Fitch* v. *Devlin*, 15 Barb., 47; 2 Wait's L. & P., 857.) Such a course has not been followed in this case. The return does not show that any affidavit was served upon the opposite party, or any proof taken to show that the person appearing had no authority. No such issue was made or tried in any manner. The affidavit of the defendant to procure an amended return was not served, and is not sufficient to establish any such fact. There is, therefore, an entire absence of proof of the fact alleged, and a failure to establish that there was no authority to appear for the defendant before the justice.

If the views expressed are correct, then there was no error, and the judgment of the County Court must be affirmed.

POTTER, J. (dissenting). It is conceded law, that inferior

Sperry *v.* Reynolds.

jurisdictions, like Justices' Courts, are confined strictly to the authority given them.   They take nothing by implication, and must show the power expressly given, in every instance. Jurisdiction can always be inquired into in their proceedings, directly or collaterally.   They must not only have jurisdiction over the subject-matter of the proceeding, but must acquire jurisdiction over the person of a defendant, of whose person or property they take cognizance.   Their proceeding would be void, though they obtained jurisdiction over the subject-matter, if they failed to obtain jurisdiction, also, over the person; and this jurisdiction they can only acquire by the method prescribed by law.   It is a cardinal principle in the administration of justice, that no man can be condemned, or be divested of his right or his estate, until he has had an opportunity of being heard.   (*Bullymore* v. *Cooper*, 46 N. Y., 241, 242.)   The justice must acquire jurisdiction over his person, either by the personal service of process, or in some other way, *by the consent of the defendant*, and no person without his authority can confer jurisdiction on the justice to proceed, so as to bind his person or property; and if judgment be rendered against him before jurisdiction is so acquired, the judgment will be as utterly void as if the justice had proceeded without process, or as if the subject-matter was not within his cognizance.   (*Borden* v. *Fitch*, 15 Johns., 121; *Bigelow* v. *Stearns*, 19 id., 39; *Mills* v. *Martin*, id., 7; *Bloom* v. *Burdick*, 1 Hill, 139; *Wright* v. *Douglass*, 10 Barb., 110.)   A party against whom such a void judgment has been obtained may, at his option, treat the proceeding as a nullity, or he may appeal and have it corrected by a higher court, and the appeal, if taken, gives no life to the proceeding; he may also treat it as void, and sue every person as a trespasser who interferes with his rights under the judgment. (*Harrington* v. *The People*, 6 Barb., 610.)   Nor, if he appeals, on the ground of error in fact, is he obliged to hazard his rights, and get up an issue of fact, to try such issue upon affidavits.   Though he may do so, he is not limited to that remedy, nor does one remedy merge the other.

Sperry *v.* Reynolds.

In this case, no summons was personally served upon the defendant; no jurisdiction was obtained of his person in that way. How, then, did the justice get jurisdiction of his person so as to proceed to give judgment? No stranger could confer it. The defendant did not give the justice authority. The plaintiff could not, by any consent of his, confer jurisdiction of the person of the defendant. Until the justice obtained it, in some way, he could not proceed one step, not even to allow a stranger to appear for him. The statute forbids him to permit any person to appear for him without proof of his authority. The service of a summons by copy added nothing to his jurisdiction of the person; as well might the plaintiff and some convenient friend have appeared before the justice without the issuing of the summons; as it was, the plaintiff and a stranger to the case admitted the defendant to be in court, — the plaintiff for himself, and, perhaps, his friend for the defendant. They fixed up an issue. If jurisdiction and judgments can be obtained in this way, there is a door open for immeasurable mischief. It would be monstrous, indeed, if a party should be subjected to judgments obtained against him in this way. Instead of the statute being a protection, it then becomes a skillful man-trap, and instrument of fraud, mischief and injustice in the hands of unscrupulous and designing men.

But it is said, the letter of the statute provides for such an appearance (§ 43 of the justices' act), "if admitted by the plaintiff." Such is, indeed, the letter; but when, by this letter, does it apply? when may the plaintiff admit this? when the justice has jurisdiction to act and to allow it to be done, but not before; or when the justice has jurisdiction of the defendant's person, by the personal service of a summons. It is little short of an absurdity, in my view, to hold the reasonable construction of that statute to be, that whenever a plaintiff appears in a justice's court, and can find some one, perhaps a chosen friend, to appear for a defendant, whose authority the plaintiff shall admit, that jurisdiction is then conferred upon the justice over the person of whatever defend-

ant the plaintiff or persons so in court shall select and name, and that he can then proceed to enter a valid judgment against him.

It would be a far safer rule to let the defendant admit jurisdiction over his person, than to allow the plaintiff to do it, or even a stranger who may be acting in collusion with the plaintiff. Jurisdiction is not obtained in that way.

For what purpose, then, was the statute enacted? It certainly requires great particularity in the time of giving notice to a defendant, of the manner of serving the process on him, of the return of the constable on the process, of the time which the justice shall wait after the hour appointed. Was it not to protect the defendant in his rights? Is not all this precaution necessary; is it not demanded, before jurisdiction of the person is obtained by the justice? What a useless, a worse than useless enactment is this, with all the apparent guards thrown around it, that can be so easily avoided and evaded. Taking the claimed construction to be sound, there is no individual protection at all in this statute. Its language is a sham; its protection a false pretence, and valid proceedings under it may be secured by a farce.

But by a true construction of this statute, according to its spirit and intent, it is safe, sound and protective. If it is applied to a case where the justice has obtained jurisdiction of the person of a defendant by personal service of a summons duly returned, then, whether the defendant appears or not, the justice has jurisdiction as much as if the defendant was present. It is the defendant's own fault if he does not appear. The justice, having waited his hour, has then power to proceed, when the plaintiff is ready.

The justice's acts, then, are not void, no matter what errors of law he may commit; they are only voidable, if erroneous. The admission, then, of a party to appear for the defendant, without proof, would only be voidable, because the justice has acquired jurisdiction. If such an attorney, then, appeared without authority, the defendant, on appeal, could, upon an issue of fact denying the authority, have that issue tried.

This is the case provided for in section 366 of the Code, and in *Hurd* v. *Beman* (8 How. Pr., 254); *Lynds* v. *McBeth* (7 id., 113); but, more especially, *Fitch* v. *Devlin* (15 Barb., 47). In this last cited case, the summons was returned personally served, which gave the justice jurisdiction to act, and the Supreme Court, upon an issue of fact that the summons was not personally served, joined upon affidavits, on which it being found that the summons was not personally served, held the judgment should be reversed. The judgment before the justice, in that case, however, was not void, but voidable. These cases prove nothing upon the subject of jurisdiction; but only that the defendant might have had an issue of fact, upon the question of authority of the attorney who assumed to appear, tried upon affidavit. But, as he also appealed upon the error of law, he was not bound to hazard costs and to proceed upon the issue of fact; his safe ground was to proceed upon the law.

The prevailing opinions in this case are based upon the case of *Ackerman* v. *Finch* (15 Wend., 652). The most superficial reading of that case will, I think, show that it does not meet the point at all. There was no question in that case, as here, that the summons was not personally served. There was no question there, as here, that the justice did not have jurisdiction of the person of the defendant. It was only claimed that there was error in permitting attorneys to appear without proving their authority. Neither of the parties in that case appeared in person. The defendant sued out a writ of certiorari, and alleged, among other things, as error, that no authority of the attorneys on either side was proved before the justice. The court properly held that, as Ackerman, the defendant below, had adopted the acts of his own attorney before the justice, he had ratified his acts and could not complain; and as his attorney before the justice made no objection in the justice's court to the plaintiff's attorney, he had waived the objection, which was equivalent to admitting it. But Cowen, J., who delivered the opinion in that case, follows this by a remark most fatal to making that case authority

in the case before us. He says: "This statute, requiring proof, was passed for the benefit of the opposite party." Who is the opposite party? Before the justice, in the case before us, the plaintiff had nothing to fear; he was there in person. The defendant, who had not been brought into court, was the opposite party, and he needed the security which this statute confers. In such a case, the justice, whose duty it was to protect him, who had no right to assume jurisdiction over his person except in the manner prescribed by law, allowed the plaintiff, in effect, to bring the defendant into court by an admission. I think this cannot be legally done. This I hold to be error. Suppose the defendant, whose property should be taken under this judgment before the justice, should sue the justice and party in trespass: To defend this, this judgment, as it is returned, should be set up as a defence. The law requires the parties to show that the justice acquired jurisdiction. Standing upon this record alone is the test of the validity of that judgment. The justice acquired no jurisdiction by the process. The plaintiff acquired none but by his own admission.

The judgment entered I hold to be void, in both the County Court and Justice's Court, and think they should be reversed.

Judgment affirmed.