ROBERTS v. BURRELL, appellant.

*Evidence — justice's court judgment — Practice in justice's court — appearance.*

In an action upon a judgment rendered by a justice of the peace, *held*, that the facts necessary to show the jurisdiction of the justice and not appearing in his docket might be proved by parol testimony.

Defendant appeared in the justice's court action by attorney, who did not swear to his authority. Plaintiff appeared in person. *Held* (following *Sperry* v. *Rogers*, 5 Lans. 407), that defendant could take no advantage of an unauthorized appearance in his behalf.

Roberts v. Burrell.

APPEAL from a judgment entered in favor of plaintiff upon a verdict directed by the court. This action was brought to recover a judgment rendered in favor of the plaintiff before a justice of the peace on the 15th day of December, 1856, for $28.65, damages and costs, and was tried at the Delaware county circuit in March, 1872, before Mr. Justice BOARDMAN and a jury.

Upon the trial, the justice before whom the judgment was rendered was sworn as a witness on behalf of plaintiff, and testified to certain facts not appearing in his docket, under the objection of the defendant's counsel. The defendant's counsel moved for a nonsuit, which was denied, and the court refused to instruct the jury that the evidence was insufficient and to direct a verdict for the defendant, and directed the jury to find for the plaintiff $58.20. The defendant duly excepted. Judgment was entered on the verdict and the defendant appealed.

*A. Raymond Gibbs*, for appellant.

*George Adee*, for respondent.

MILLER, P. J. Upon the trial at the circuit, the defendant's counsel objected to the introduction of the evidence of the justice as to the proceedings before him. The justice's docket did not contain all that took place, and the proof offered and received showed additional facts which established his jurisdiction, and that a short summons was issued, the proper affidavit made, and a bond given. This proof did not contradict the docket, but merely supplied deficiencies which existed. The statute directs that a justice shall keep a docket and what entries shall be made therein by him; but if he fails to do this the omission does not render his judgment void. The omission is not a jurisdictional defect, and the proceedings before him may still be proved by himself. 2 R. S. 270, § 24; *Baker* v. *Brintnall*, 5 Abb. N. S. 253; S. C., 52 Barb. 188. As the testimony was within the rules laid down it was properly received.

It is said there was no sufficient proof that an affidavit was made, or that it stated facts sufficient to give the justice jurisdiction. The justice testifies, that an affidavit was made, that it stated that the defendant was a non-resident, and that the plaintiff had a cause of action arising upon a contract. This was sufficient and in accordance with the practice in such cases. 2 Wait's Pr. 80, 81, 82. It is,

however, held that no affidavit is required in such a case. *Scott* v. *Durfee*, 59 Barb. 390, note.

It is further insisted, that the court erred in receiving the docket in evidence. The docket was first objected to upon the ground, that the book itself showed that the justice had no jurisdiction of the case and did not acquire any of the person of the party, and afterward without any grounds stated.

The point now urged, that the plaintiff should have shown that the proper process was issued, and that it was legally served, is answered, I think, by the parol evidence that it was a short summons, issued on proof that the defendant was a non-resident and the general entry in the docket that it was returned personally served. Although the time of service is not stated, as the defendant appeared by attorney and no objection was made on this ground, it is to be presumed that the summons was served at the proper time. Appearance by a party waives irregularities of this character, and unless objections are urged at the time they are not afterward available. 2 Wait's Pr. 235; *Potter* v. *Whittaker*, 27 How. 10.

As to the objection that the proof did not show that the person who served the process was a constable, it is sufficient to say that this appears from the docket, is not contradicted, and is proved by the justice. Besides, if such really was the fact it was also waived by the appearance of the defendant.

It is insisted that the court erred in refusing to nonsuit the plaintiff, because it does not appear in the docket that the plaintiff or defendant ever appeared in person. The docket shows that one Goodrich appeared for the defendant, and the justice testifies that he was about to swear him as to his authority, and the plaintiff's attorney stated that he raised no question as to his authority and the case proceeded. This was done in the plaintiff's presence, who appeared in person as well as by counsel. The rule is, that where a person appears for the defendant without authority, and the plaintiff appears in person, the defendant cannot take any advantage of it. *Sperry* v. *Reynolds*, 5 Lans. 407. The case is conclusive upon the question and directly in point. The other questions raised do not require discussion.

There was no error, and the judgment must be affirmed, with costs.

*Judgment affirmed.*