### AUSTEN v. COLUMBIA LUBRICANTS CO.

(Supreme Court, Appellate Term. November 30, 1903.)

1. APPEAL—MUNICIPAL COURT—DEFAULT JUDGMENT.

> The right of appeal from a default judgment in the Municipal Court arose from the language of Code Civ. Proc. § 3046, not from section 3057, relating to appeals for "error in fact."

2. SAME—APPEARANCE BY ATTORNEY—AUTHORITY

> Under Code Civ. Proc. § 3046, appellant's attorney need not give proof of his authority to appear.

3. SAME—NOTICE—AFFIDAVITS FOR REVERSAL.

> On appeal from a default judgment in the Municipal Court, the affidavits for reversal should be served with the notice of argument.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Mary H. Austen against the Columbia Lubricants Company. From a judgment rendered on defendant's default, it appeals. Appellant granted leave to renotice appeals on payment of $10, imposed as terms; otherwise judgment to be affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Robert H. Gay, for appellant.
J. Aspinwall Hodge, for respondent.

BISCHOFF, J. The argument of the respondent that an appeal may not be taken from a judgment rendered by default in the Municipal Court is founded upon the contention that section 3057 of the Code, relating to appeals for "error in fact," no longer applies to that court, because of the effect of the repealing schedule of the Municipal Court act (Laws 1902, p. 1486, c. 580). Whether section 3057 applies, or not, is immaterial, since the right of appeal from judgment by default arose, not from that section, but from the language of section 3046, as judicially construed. Hurry v. Coffin, 11 Daly, 180. And this very language has been adopted for the purposes of appeals from the Municipal Court upon the ground of nonservice of the summons. Municipal Court Act, p. 1578, § 311.

¶ 2. See Attorney and Client, vol. 5, Cent. Dig. §§ 94, 95.

The point that the appellant's attorney should give proof of his authority to appear is not well taken. Such a requirement (Andrews v. Long, 19 Hun, 303) was dispensed with by the amendment of section 3046 in the year 1882.

It appears, however, that the appellant's practice in bringing the disputed question of the service of the summons before this court is properly assailed by the respondent. The affidavits for reversal were simply filed upon the call of the calendar, and no opportunity has been given the respondent to answer the matters averred; nor, indeed, was there any notice that the point of authority of the person served to receive the summons for the corporation would be involved upon the appeal. Certainly some reasonable opportunity must be given the respondent to prepare to meet such an appeal. Hurd v. Beeman, 8 How. Prac. 254. And the rule stated by the learned text-writer in 11 Rumsey's Practice, at page 778, that copies of the affidavit should be served with the notice of argument, appears to us to be the proper requirement.

The appellant may renotice the appeals for the next term upon payment of $10, imposed as terms in each case. Otherwise the judgment will be affirmed, with costs. All concur.