believed the plaintiff's version of the facts, as they had a right to do, and gave their verdict accordingly.

The order appealed from should be reversed, with $10 costs and disbursements, and the verdict reinstated. All concur.

---

### McMAHON v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. Dec. 7, 1906.)

1. APPEAL—CASE ON APPEAL—AMENDMENT.

In an action for injuries to a servant, the court charged that an employé was entitled to assume that the master had performed his duty in a reasonable manner to furnish a reasonably safe place for work. The case and stenographer's minutes showed that defendant's counsel requested a charge that the car on which plaintiff was injured "was a place" to work within that rule; that the court declined so to charge, and left it to the jury to say whether it was a reasonably safe place. Defendant's counsel then requested that the court charge that "it was not a part of the ways, work, and machinery under the employers' liability act," and on an application to amend the case defendant's counsel both testified that the request to charge was that the car "was not a place" in which to work, etc. The stenographer testified that he intended to report correctly, but might not have heard the word "not," and plaintiff's attorneys testified that the request was taken by the stenographer in the language of counsel. Held, that defendants were entitled to a correction of the case; the trial judge having signed the same on stipulation merely.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2807–2811.]

2. SAME—DECISION OF TRIAL JUDGE.

Where the trial justice was on his deathbed when he signed an order settling a case, and merely settled the case as stipulated by counsel, and a proceeding to correct the same was thereafter heard and decided on the papers by a justice who had no other knowledge of the facts, the latter's determination was not conclusive on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4027.]

Cochrane, J., dissenting.

Appeal from Special Term.

Action by Timothy McMahon against the Delaware, Lackawanna & Western Railroad Company. From an order denying defendant's motion to amend the case on appeal, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Reynolds, Stanchfield & Collin (Alexander D. Falck, of counsel), for appellant.

J. & F. E. Courtney, for respondent.

JOHN M. KELLOGG, J. The case on appeal was agreed upon by counsel and presented by them to the justice who presided at the trial, who was then confined at his home in his last sickness. He signed the order settling the case pursuant to such agreement. Shortly after the justice died. The case had been prepared pursuant to the stenographer's minutes by a clerk in the office of the defendant's attorneys.

When the attorney who tried the case examined it, he for the first time discovered the alleged error, and this notion was promptly made at Special Term.

The plaintiff, while in the employ of the defendant, in assisting in unloading a car load of lumber, was injured, as he alleged, by reason of the negligence of one Sawyer, who, he claimed, was superintending the work. The court charged the jury, among other things, that an employé has the right to assume that the master. has performed his duty in a reasonable manner to make the place at which the employé is working a reasonably safe and suitable place for the performance of the work. The case and stenographer's minutes show that the defendant's counsel requested the court to charge that the car "was a place" to work within that rule. The court declined to so charge, but left it for the jury to say whether it was a reasonably safe place. Defendant's counsel then made the request "likewise to charge that it was not a part of the ways, work, and machinery under the employers' liability act of the state of New York," which the court charged. Defendant's counsel, who tried the case, and his assistant, both swear that the request to charge was that the car "was not a place" in which to work, instead of that "it was a place," and they produce the original minutes of counsel from which the requests were made. The stenographer swears that he intended to report correctly, but that counsel may have used the word "not" in the request, and he may not have heard or understood the same, and may have made an error in reporting the request. One of the plaintiff's attorneys swears that the request was taken by the stenographer in the language used by counsel. The counsel who assisted in trying the case for plaintiff makes no affidavit. The case was tried upon both sides by able counsel, and it is apparent that defendant's counsel did not intend to make the request as reported by the stenographer. He may have inadvertently left out the word "not," although the next request to charge and the ruling of the court support the defendant's contention that the request was incorrectly reported.

The rule that the action of the trial justice settling a case on appeal cannot be reviewed only applies where it reasonably appears that he decided the disputed matter upon his recollection or understanding of the proceedings had before him. Zimmer v. Metropolitan Street R. Co., 28 App. Div. 504, 51 N. Y. Supp. 247; Marjulies v. Goldstein (Sup.) 84 N. Y. Supp. 475. Here the trial justice, upon his sickbed, merely signed the order settling the case as stipulated by counsel. This motion was decided upon the papers by a justice who had no other knowledge of the facts.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to amend the case on appeal granted, without costs. All concur, except COCHRANE, J., who dissents.