### JENKINS v. BISHOP et al.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. APPEAL AND ERROR (§ 570*)—RESETTLEMENT OF CASE.

The trial justice, in resettling a case, may act on his own knowledge and recollection of what occurred at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 570.*]

2. APPEAL AND ERROR (§ 570*)—RESETTLEMENT OF CASE.

Where, on a motion to resettle a case, the affidavits of movant were not contradicted, the movant was entitled to have the motion granted and the case resettled, at least so far as not inconsistent with the recollection of the trial judge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 570.*]

Appeal from Special Term, Washington County.

Action by Clayton W. Jenkins against Simon Bishop and another. From an order denying a motion to resettle the proposed case on appeal, defendant Simon Bishop appeals. Reversed.

See, also, 62 Misc. Rep. 87, 115 N. Y. Supp. 1011.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

Chambers & Finn, for appellant.

Jenkins, Kellogg & Barker, for respondent.

COCHRANE, J. The action is for the foreclosure of a mortgage. The defense is that plaintiff holds the mortgage as agent or trustee for the appellant and that the amount due thereon is less than the amount claimed by plaintiff. Plaintiff prevailed at the trial. The agreement of the agency between plaintiff and appellant is claimed by the latter to have been made in his behalf by his son Frank Bishop. The latter, as a witness at the trial, for the purpose of showing his authority to make in behalf of his father the alleged contract with plaintiff whereby the latter took the mortgage as agent or trustee for the appellant, was asked for the conversation between himself and his father. This was objected to; but the stenographer's minutes do not show any ruling by the trial justice. Appellant proposed a case on appeal showing that the objection was sustained and that he excepted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the ruling. On the settlement of the case before the ·trial justice, plaintiff's proposed amendment to strike therefrom the statement of the ruling and exception was allowed. Appellant complains that in two other instances the learned trial justice improperly settled the case contrary to the facts. On affidavits the appellant thereupon moved for a resettlement, and from an order denying such motion he appeals.

On the record before us it conclusively appears that the objection to the testimony of Frank Bishop was sustained and that the appellant excepted to the ruling. The attorney for the appellant who tried the case makes an affidavit that he distinctly remembers that the objection was sustained; that he is positive, and has a clear and distinct recollection of the subject; that the stenographer's minutes are incomplete, in not stating the ruling and exception; and he further states the remarks made at the time by the trial justice in giving the reasons for his ruling. In this affidavit he is corroborated by Frank Bishop. There is no contradiction of these affidavits. The stenographer makes an affidavit merely that the copy of the evidence furnished by him is a correct transcript of his notes; but there is not the slightest statement tending to show the accuracy of his stenographic notes.

Counsel for plaintiff admits in his brief that, if the ruling had been as appellant claims, "it would have been palpably erroneous"; but he has failed to deny that such ruling was made. The testimony offered was indispensable to appellant's defense, and it is somewhat strange that he would voluntarily have receded from a position essential to his success without an adverse ruling, especially as it is admitted that he was entitled to the testimony. The trial justice, of course, may act upon his own knowledge and recollection of what occurred at the trial; but the difficulty here is that it does not appear that he has done so. Zimmer v. Metropolitan Street Railway Company, 28 App. Div. 504, 51 N. Y. Supp. 247; Gleason v. Smith, 34 Hun, 547; Goldenson v. Lawrence, 1 Misc. Rep. 1, 2, 20 N. Y. Supp. 616; Healey v. Terry (City Ct.) 7 N. Y. Supp. 321. The case of Zimmer v. Metropolitan Street Railway Company, supra, seems to be decisive on this appeal. There it was said:

"It is stated in the brief for the respondent that the justice, in denying the motion, said that he based his decision, not only upon the stenographer's minutes, but also from his own recollection. No such fact appears in the record, and we must decide the appeal on the record as it stands. * * * The record, however, contains no affidavits contradicting the affidavits of the defendants upon which the motion to resettle was made. * * * These affidavits are not made on information and belief, but on positive testimony as to the questions involved, and in the absence of any opinion from the learned justice we think the case should be amended."

The Zimmer Case was cited by this court in McMahon v. Delaware, Lackawanna & Western Railroad Company, 116 App. Div. 532, 101 N. Y. Supp. 805, in support of the proposition that:

"The rule that the action of the trial justice settling a case on appeal cannot be reviewed only applies where it reasonably appears that he decided the disputed matter upon his recollection or understanding of the proceedings had before him."

We do not intend to intimate that the learned trial justice in settling the case should act contrary to his own understanding of what actual-

ly occurred, and in determining what occurred he is at liberty to call to his assistance his own recollection, in connection with the affidavits and evidence before him. But the difficulty here is that there is no statement or intimation by him that he has any recollection or knowledge other than such as may be derived from the record before us, and that record sustains appellant's contention.

The order must be reversed, with $10 costs and disbursements, and the motion remitted to the trial justice. All concur.