### TAYLOR v. ALLEN.

(Supreme Court, Appellate Term, First Department. June 5, 1916.)

APPEAL AND ERROR ⬬569(3)—RECORD—SETTLING CASE—LOSS OF STENOGRAPHER'S MINUTES.

　　Where on an appeal the stenographer's minutes of the trial cannot be obtained, the case is to be settled by the trial justice from his recollection of the testimony, which may be aided by affidavits of the parties, after notice of settlement.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2533, 2543; Dec. Dig. ⬬569(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gilbert P. Taylor against Rowland A. Allen. From a judgment for plaintiff, defendant appeals. On motion to dismiss appeal. Denied on condition.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Choloney & Weinberger, of New York City, for appellant.
David L. Podell, of New York City, for respondent.

PER CURIAM. This is a motion made to dismiss an appeal from a judgment of the Municipal Court for failure to file the return. It seems that the appellant has used due diligence to procure the stenographer's minutes of the trial, but has been unable to do so. This court has been made aware, by affidavits filed in several other cases, that the stenographer who took the testimony at the trial is ill, and now unable to transcribe the minutes, or even to dictate from his notes. The ap-

pellant ought not to be compelled to suffer a dismissal of his appeal for causes beyond his control. It may be impossible ever to obtain the minutes, and in such a case the question is, How shall the return be settled and filed for the hearing of the appeal?

Under the former Municipal Court Act (Laws 1902, c. 580, § 319) it was provided that in case of the death, etc., of a justice, or if he otherwise became unable to make a return, the appellate court might receive affidavits or examine witnesses as to the evidence and other proceedings taken, and might determine the appeal. The practice under that section was for the appellant to serve upon the respondent's attorney affidavits showing what testimony was given upon the trial, and the respondent then served answering affidavits, and the appeal was heard upon those affidavits. Austen v. Col. Lubricants Co., 85 N. Y. Supp. 362; Lazarus v. Boynton, 86 N. Y. Supp. 104. This section was omitted from the Municipal Court Code, and no provision for such a contingency was substituted.

Section 997 of the Code of Civil Procedure provides that, in the case of the death or disability of the justice, a case must be settled "in such manner as the court directs." This, of course, refers to the court in which the action was tried, and it is only applicable when the justice is unable to settle the case. When the minutes are lost, or unable to be obtained, the justice is not relieved from his duty to settle the case, and in such a case it can only be done from the recollection of the trial justice of the testimony given upon the trial. This recollection may be supplemented or aided by affidavits offered by the respective parties, after notice of settlement is given; but the recollection of the trial justice as to what occurred at the trial is controlling. Jenkins v. Bishop, 133 App. Div. 517, 117 N. Y. Supp. 630.

The motion to dismiss the appeal is denied, but upon condition only that the return be filed on or before September 11, 1916.