M. Silberman, Inc., Respondent, *v.* Sadie M. Abrams and Others, Individually and as Copartners, Trading under the Firm Name of Abrams Sisters, Appellants.

Supreme Court, Appellate Term, First Department, December 30, 1924.

Appeal — case on appeal — motion by plaintiff to correct case to show that defendant moved for directed verdict — order granting motion reversed.

An order granting plaintiff's motion to amend case on appeal so as to show that the defendant moved for a directed verdict is denied, since it appears by the affidavits and the probabilities of the case that the defendant did not make the motion alleged and there is nothing to show that the trial justice has any recollection of the exact circumstances.

Appeal from three orders: (1) An order and so much thereof as allows certain amendments to the proposed case on appeal, (2) an order granting plaintiff's motion to resettle the proposed amendments and case on appeal, and (3) an order denying the defendants' motion to resettle the last named order.

*Paul Englander*, for the appellants.

*Benjamin B. Greller*, for the respondent.

PER CURIAM:

The " 24th " and the " 26th " proposed amendments should not have been allowed. The claim of defendants' counsel that he *did not* move for a direction of a verdict is supported not only by his own affidavit and that of his trial assistant, but appears to find support in the probabilities and the context. Before the alleged motion of defendants' counsel for a direction of a verdict was made the court had already indicated his view of the case and his intention to direct a verdict in plaintiff's favor. It seems wholly improbable that defendants' counsel when confronted with an adverse decision would have joined in plaintiff's motion for a direction. Moreover, defendants' counsel had theretofore clearly stated that he desired to go to the jury and immediately after it is claimed that he moved for a direction, stated that he wished to reserve his rights on appeal.

While as a general rule it is the recollection of the trial justice that controls in a situation of this character, nevertheless, where there is nothing to show his recollection or that he acted thereon, his decision is not conclusive. (*Jenkins* v. *Bishop*, 133 App. Div. 517, 519; *Zimmer* v. *Metropolitan Street R. Co.*, 28 id. 504.)

The orders appealed from are, therefore, reversed, with ten dollars costs and disbursements, and the motions remitted for disposition in accordance with this opinion.

All concur; present, GUY, O'MALLEY and LEVY, JJ.