UTICA,
August, 1823.

TULLOCK
v.
CUNNINGHAM.

The power of attorney to appear for either party in a justice's court, may be by parol; and may be proved by the attorney himself.

In debt, on a justice's judgment, it is no defence, that the plaintiff told the constable, who held an exeution upon the judgment, to sell the defendant's carriage for as much as he could get; and that, if it did not fetch the amount of the judgment, to have it bid in for him, and he would take it in satisfaction for the judgment; which was accordingly done.

The plaintiff may recover the balance.

Such a proceeding, it seems, would justify the constable in returning the execution satisfied.

TULLOCK *against* CUNNINGHAM.

ON certiorari to a Justice's Court. Debt, in the Court below, on a Justice's judgment, for $26,06, by *Cunningham* against *Tullock.* Mr. *Crookshank,* attorney at law, appeared for the plaintiff. His authority being called for by the defendant, he admitted that he had no written power, but stated, under oath, that he was authorized and employed by the plaintiff to attend to this suit. The Justice decided that this was sufficient. An execution had been issued upon the judgment, and a carriage of the defendant sold under it for $10, and bid in for the use of the plaintiff, under his direction to the Constable, that he should sell the carriage for as much as he could get; and if it did not sell for the amount of the judgment, to get some person to bid it off for him. And he understood the plaintiff to say, that he would take the carriage for debt and cost. The trial was by jury, who found a verdict for the plaintiff, for the balance proved to be due upon the judgment.

*John K. Paige,* for the plaintiff in error.

*A. Crookshank,* contra.

*Curia.* The authority of an attorney, who appears either for a plaintiff or defendant, before a Justice, must be proved. But a parol authority is sufficient; and the attorney himself is competent to prove it. The defendant below could not avail himself of any declaration made by the plaintiff to the Constable in relation to the execution. Even, admitting that he had told the Constable he must have the carriage bid in for him, and he would take it in satisfaction of the execution, it would be no defence in this suit, provided the sale was fairly conducted. If the Constable, in consequence of such a direction, had returned the execution satisfied, he might, perhaps, have justified himself by this proof: but not having done so, it cannot avail the defendant.

Judgment affirmed.