*Curia.* The judgment must be reversed. This was overhauling the first judgment, and attempting to recover back a portion of it, on the ground that it was not due, and had been unconscientiously recovered. The allegation of fraud does not alter the nature of the case. It is substantially an action to recover back money improperly awarded by a former judgment; and is precisely the case of *Marriott* v. *Hampton,* (7 T. R. 269.) In that case, the defendant had recovered against the plaintiff for goods sold. The plaintiff had paid him for these goods, and taken his receipt; but not being able to find the receipt, at the time of the trial, judgment went against him and he paid the money again. Afterwards, finding the receipt, he brought his action to recover it back. Lord Kenyon says, " if this action could be maintained, I know not what cause of action could ever be at rest. After a recovery by process of law, there must be an end of litigation; otherwise there would be no security for any person." The case of *Cobb* v. *Curtiss,* (8 John. 470,) is clearly distinguishable. There, the action was founded on an agreement to discontinue the first suit; and the Court go upon the ground, that this agreement could not have been set up as a defence to the second. There was nothing to prevent Ames' showing upon the first trial, that the note included the account. If he was not prepared with his proof it was his misfortune. There would, indeed, *be no end to litigation, nor any security to any person,* if actions like this could be sustained.

ALBANY,<br>October, 1823.

Beaver<br>v.<br>Van Every.

Judgment reversed.

---

## BEAVER *against* VAN EVERY.

ON certiorari to a Justice's Court. The Justice permitted one Heermance to appear for Van Every, who was the plaintiff below. When this was objected to by the defendant, the Justice stated that the plaintiff, being sick and unable to attend himself, had sent for him the day before; and

A justice has no right to admit an attorney to appear upon his own knowledge of his authority.

ALBANY,
October, 1823.

Bullard
v.
Spoor.

requested him to permit Heermance to appear for him cn the trial. He accordingly admitted him without any evidence of his authority, and gave judgment for the plaintiff

*Myer & Van Buren*, for the plaintiff in error.

*Ruggles & Hasbrouck*, contra.

*Curia.* The Justice had no right to decide from his own knowledge. He should have required the usual proof of an authority to appear. (*Burlingham* v. *Deyer*, 2 John. Rep. 189. *Rosekrans* v. *Van Antwerp*, 4 id. 228.)

Judgment reversed.

---

### BULLARD & LORD *against* SPOOR.

In an action under the 50 dollar act, it is too late for the defendant to demand a jury of 12 men after a jury of 6 has been demanded by the plaintiff and a venire issued.

The justice may, on has own motion, challenge and set aside a juror for intoxication.

If neither party object, this silence concedes the fact of intoxication.

A justice may appoint a guardian *ad litem* for an infant; and

ON certiorari to a Justice's Court. Spoor sued Bullard & Lord, in the Court below under the 50 dollar act. On the parties appearing, the Justice requested Lord, who was an infant, to nominate a guardian *ad litem*, which he declined. The plaintiff then moved the Justice to appoint one for him, and he appointed John Doe, a fictitious person, to be his guardian. Issue was then joined, and the plaintiff demanded and had a venire for a jury of six. The cause was adjourned for two days, when the parties appeared, and the defendants then demanded a jury of 12 men. This the Justice overruled, and proceeded to draw a jury of six men. One of the jurors drawn was so intoxicated as to be unfit to serve; and the Justice gratuitously directed him to stand aside, to which neither party objected. Verdict and judgment for the plaintiff.

*R. Cossit,* for the plaintiffs in error.

*W. M. Allen,* contra.

if the infant does not nominate a guardian, the justice may appoint such person as he shall shall think proper, on the motion of the plaintiff.

But this must be a real, not a fictitious person.