ACKERMAN <i>vs.</i> FINCH.

A justice of the peace is not bound to require proof of the authority of a person who claims to appear as *attorney* for one of the parties in a cause prosecuted before him, if the other party does not object to such appearance ; if a party does not object to the apperance of his adversary by attorney, he will be deemed to have admitted his authority to appear.

A *summons* under § 32 of the *act to abolish imprisonment*, &c. may be sued out by a justice against a *non-resident defendant*, without proof of indebtedness or the giving of security.

In cases where security is required *before* the issuing of process, the error cannot be remedied by giving the security *after* the process is issued.

ERROR from the Broome common pleas. Finch sued Ackerman in a justice's court in the county of Broome, and sued out a *summons* under § 32 of the *act to abolish imprisonment, &c. Session Laws of* 1831, *p.* 403, returnable in *three days.* The application for the summons was made by a person who appeared as attorney for the plaintiff and made an affidavit that the defendant was indebted to the plaintiff in a certain sum, and that both parties were *non-residents* of the county of Broome. On the day of the return of the process, the plaintiff appeared by his attorney, and declared on a promissory note. The defendant did not appear in person, but another person appeared as his *attorney* and objected to the further prosecution of the suit on the ground that *security had not*

*been given* previous to the issuing of the summons, by the plaintiff or in his behalf, for the payment of any sum which might be adjudged against him.   The justice refused to dismiss the proceedings, because, in the evening of the same day on which the summons was issued and after it was served, the attorney for the plaintiff had given the required security. The defendant's attorney then put in a plea in bar, and the cause was tried and judgment was rendered for the plaintiff. The defendant sued out a *certiorari,* removing the proceedings into the Broome common pleas, and the justice in his return stated that the authority of the attornies to appear for the respective parties was not proved ; that the only proof of authority he had, as it respects the plaintiff's attorney, was his swearing out the summons and producing the note declared on ; and in respect to the defendant's attorney, no objection was made to his appearance, nor was he required to produce proof of his authority.   The common pleas affirmed the justice's judgment, and the defendant sued out a writ of error.

ALBANY,<br>Oct. 1836.<br><br>Ackerman<br>v.<br>Finch.

*W. Platt*, for plaintiff in error.

*D. S. Dickinson*, for defendant in error.

*By the Court*, COWEN, J.   Neither attorney objected to the authority of the other, and the justice neither required nor took any proof of their authority pursuant to the 2 *R. S.* 233, § 45. I think, however, that *non-objection* must be received for *admission*, within the meaning of the statute.   That declares expressly that admission shall be equivalent to proof. 2 *R. S.* 233, § 45.   Ackerman has adopted the acts of his own attorney in appearing and making questions in the cause, by now insisting on the objections as his own.   The attorney was equally his for the purpose of waiving objections. The statute requiring proof was passed for the security of the opposite party, and a man may always waive a law introduced for his benefit.   But it is different with regard to the *summons*.   As to that the objection was made.   This process is given by the act to abolish imprisonment for debt, and its return is reduced in time : it shall be made returnable in not

less than *two* nor more than *four* days from the date thereof, in case the *plaintiff* be a non-resident of the county, on the like oath and security as in case of a warrant in favor of a non-resident. *Session Laws of* 1831, *p.* 403, § 32. 2 *R. S.* 228, § 17. But the *defendant* was himself a non-resident, and the 33d section provides that when, by § 30, no warrant can go, the defendant may be proceeded against by *short summons* or *short attachment*. It adds, that if such defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause. Taking the 30th and 31st sections together, which the 33d section intends we should do, no warrant can in general issue upon a contract. The question arises upon this section, whether any security be necessary where the *defendant* resides out of the county. The true meaning of the section is, that the defendant shall be proceeded against primarily by short summons, or secondly by attachment, provided a proper case for this shall exist; and in order to entitle the party to the extraordinary process, no doubt he must give proof and security, whether the defendant be resident or non-resident, and whether the plaintiff be so or not. The proof and security in this case respects the nature of the proceeding; and sections 32 and 33 may therefore be considered, for the purposes of the present question, precisely as if they were each providing simply for the ordinary process of summons. The attachment is another affair, and stands on distinct grounds. These sections provide for two classes of persons. The 32d section gives the short summons *to* a non-resident, on his making oath and giving security. On this he may proceed by that sort of summons against a resident, or he may take the ordinary summons without oath or security. It is evident, on the face of this section, that the short summons comes exactly in the place of the old plaintiff non-resident warrant, which was taken against a resident for the purpose of tying him up to a short adjournment. Then the option lay between the warrant and the ordinary summons; now comes the 33d section; and by this the short summons is allowed in the place of the old defendant non-resident warrant. Formerly you never could go against him by summons, but must take a *warrant*. 2 *R. S.* 227, § 13. Now you cannot

proceed by the old summons; you must take a *short one.* And what renders the identity more striking, this is to be on the same oath and the same security as were necessary to obtain the warrant in the place of which I have supposed the short summons to come. The security is still regulated by the revised statutes. 2 *R. S.* 228, § 17, *sub.* 2.

Under the old law, any person might have a warrant against a *non-resident,* simply because he was so. The statute here made no distinction. 2 *R. S.* 228, § 17. So under the old statute, though you were a non-resident, you might take a warrant against a non-resident of course. This was your only process. So here you may take a short summons of course. If the defendant was a non-resident, it never was allowed, under the old law, that you could cut off his right to the usual adjournment, by coming yourself as a non-resident and giving security. That would not help you at all. So here, giving security was a deed of supererogation. The process is founded on the *defendant's* character—not the plaintiff's. In this case it could make nothing against the plaintiff, that he applied for process as a non-resident. His own estimation of his character could detract nothing from his legal rights. *Utile per inutile non vitiatur.* The oath of indebtedness and regular security, had it been given, could only be regarded as greater caution. His right to this very summons was perfect without it.

It is clear that a justice cannot, by amending a proceeding in a particular which is necessary to give him jurisdiction, acquire an authority *nunc pro tunc.* But here was no defect.

The judgment of the common pleas should be affirmed.

*Judgment affirmed.*