Lester *v.* Crary.

LESTER *vs.* CRARY.

Suits in justices' courts can only be commenced by process or by the voluntary appearance of the parties and *joining issue.*

Where parties appeared before a justice of the peace with a view to the commencement of a suit before him, by one of them as plaintiff against the other as defendant, and an adjournment was then had at the request of the defendant, without any issue joined or any pleadings put in; held that no suit was thereby commenced; and the plaintiff, having appeared at the adjourned day, declared and obtained judgment, it was held to be erroneous.

ERROR to the Oneida C. P. On the 6th of December, 1843, a justice of the peace of the city of Utica, on the application of one Weaver, issued a summons for Crary, requiring him to appear before the justice at his office in Utica, on the 15th of December, to answer Lester in a plea of trespass on the case.

The summons was served by copy. On the 13th of December—two days before the return day of the summons—the justice, as he states in his return, saw Crary at the shop of Weaver in Utica, and it was then and there agreed between Weaver and Crary that they would appear before the justice, at his office, on the 20th of December then instant, and try the matter in difference between Lester and Crary. The justice entered on his minutes that the parties appeared on the 13th, and adjourned to the 20th of December. On the 20th, Weaver and Crary went before the justice, and, at the request of Crary, the cause was adjourned until the 25th of December. On the 25th, Crary did not appear. Weaver appeared; and declared in assumpsit; the justice heard proofs, and gave judgment in favor of Lester against Crary for damages and costs. On *certiorari*, the common pleas reversed the judgment. Lester now brings error.

*W. McCall*, for the plaintiff in error.

*W. M. Allen*, for the defendant in error.

*By the Court*, BRONSON, Ch. J. As neither of the parties appeared in pursuance of the summons, the question is, whether a suit was well commenced without process. Conceding that Weaver was the attorney of Lester, still the agreement which was made at Weaver's shop on the 13th of December is not a matter of any legal importance. The justice has no right to act upon information relating to the parties or the suit which he has picked up when out of court. (*Tenny* v. *Filer*, 8 *Wendell*, 569; *Kimball* v. *Mack*, 10 *id.* 497; *Fanning* v. *Trowbridge*, 5 *Hill*, 428.) It was a mistake, therefore, to enter on his minutes that the parties appeared on the 13th, and adjourned to the 20th of December. But the parties were before the justice on the last mentioned day, and there was then an adjournment on the request of Crary; but no issue was joined. Did the proceedings on that day amount to a good commencement of a suit? If they did not, then what was done on the

25th of December, in the absence of Crary, was wholly unauthorized. " Suits may be instituted before a justice, either by the voluntary appearance and agreement of the parties, or by process." They "shall .be considered as commenced, where the suit is instituted without process, *at the time of the parties joining issue*." (2 *R. S.* 227, § 11, 12.) This language is too plain to be got over. When there is no process, there is no suit or action pending until .the joining of the issue. Here there never was any issue. I think the case was properly disposed of by the common pleas.

Judgment affirmed