### ELKIN HIRSHFIELD *v.* SOLOMON LANDMAN.

An attorney who assumes to appear for a party in a district or justice's court, must, if required, prove his authority.

A parol authorization is sufficient.

And the attorney is himself a competent witness to prove it.

The proper time to require the proof of the attorney's authority, is upon the appearance, before joining issue and going to trial.

Where an attorney, upon evidence of his authority being demanded, testified that he received such authority from the plaintiff's brother, and that the latter had exhibited to the witness written authority from the plaintiff himself to collect the claim; *held*, that although this testimony was inadmissible without producing the writing, and without proving its execution by the plaintiff, yet, that having been introduced without objection at the time, it was sufficient to establish the attorney's right to prosecute.

APPEAL by the defendant from a judgment of one of the justices' courts, upon the ground, mainly, that the plaintiff's attorney, whose authority to appear was disputed in the court below, had produced insufficient evidence of authority to prosecute the action. The proof introduced upon the point in question is stated in the opinion.

BY THE COURT. WOODRUFF, J.—It is perfectly well settled that an attorney who assumes to appear for a party in a justice's court, must prove his authority if required to do so by the adverse party. (*Timmerman* v. *Morrison*, 14 J. R. 369; *Beaver* v. *Van Every*, 2 Cow. 429.)

It is equally well settled that a parol authority is sufficient, and that the attorney himself is a competent witness to prove such authority. (*Hotchkiss* v. *LeRoy*, 9 J. R. 142, n.; *Murray* v. *House*, 11 J. R. 464; *Scott* v. *Elmendorf*, 12 J. R. 317; *Tullock* v. *Cunningham*, 1 Cow. 256; *Pixley* v. *Rutts*, 2 Cow. 421.)

The proper time to require the authority of the person assuming to appear, is upon the appearance and before going to trial (see the above cases); and after joining issue, and going to trial,

and after the plaintiff has proved his cause of action, I apprehend it is too late for the defendant to object that the plaintiff's attorney has no authority to appear and prosecute:

But if such objection can then be taken, it will not avail the appellant in the present case, for on the trial below, when the objection was made, the plaintiff's attorney was sworn and testified that he received authority from the brother of the plaintiff, and offered evidence that he (the plaintiff's brother) exhibited to the witness written authority from the plaintiff himself to collect this claim. Had the defendant objected that the writing ought to be produced, and that parol evidence of its contents was inadmissible, or objected that no such evidence could be given without proof of the execution of the writing by the plaintiff, these objections would have required the justice to exclude the evidence. But no such objection was made, nor indeed any objection to the reception of the evidence—and although the evidence was clearly inadmissible without the production and proof of the execution of the writing (14 J. R. 369), yet being received without objection, it sufficiently established the authority of the attorney to prosecute the suit on the plaintiff's behalf.

The other ground of appeal is that the judgment is contrary to law and the evidence.

No points nor arguments are submitted on the hearing of this appeal, and we are not informed in any manner in what respect the judgment is erroneous in law or contrary to the evidence. The action was for money lent. The answer was a general denial. This put the fact of lending the money in issue. The plaintiff proved an unqualified admission by the defendant that he borrowed the sum in question from the plaintiff.

We can discover no reason for reversing the judgment. It must therefore be affirmed with costs.

Judgment affirmed with costs.