The judgment of the court below should be affirmed.

All concur.

Judgment affirmed.

65   179<br>123   450

---

AMBROSE SPERRY et al., Respondents, *v.* ORIN H. REYNOLDS, Appellant.

A constable's return to a Justice's Court summons was as follows: "Served, copy left the 9th day of February, 1869." *Held,* that the return was insufficient to show a legal service by copy, or to authorize the justice to proceed in the action in the absence of defendant.

Where the jurisdiction of a justice in an action depends upon the voluntary appearance of a party, such party may assail or defend against a judgment rendered against him by showing that he did not appear, or that the appearance of any one for him was unauthorized.

Where an appearance has been put in for a party by another person, the authority of the latter cannot be presumed, but must be made to appear in order to bind the party or to give the justice jurisdiction. (LOTT, Ch. C., and GRAY, C., dissenting.)

The provision of the Revised Statutes (1 R. S., 233, § 45) providing that the authority to appear in Justice's Court by attorney must be proved unless admitted by the opposite party, was designed simply to protect the opposite party from an unauthorized appearance. A waiver of proof by such party cannot affect the rights of the party for whom the appearance is made. (LOTT, Ch. C., and GRAY, C., dissenting.)

Accordingly, *held* (LOTT, Ch. C., and GRAY, C., dissenting), where the record upon appeal from Justice's Court showed no legal service of the summons, that defendant did not appear, but that one C. appeared for him, without showing any authority in the latter, that the record failed to show jurisdiction ; and the judgment could not be sustained. (LOTT, Ch. C., and GRAY, C., dissenting.)

The distinction in this respect between Justices' Courts and courts of record having attorneys, pointed out.

It is not necessary in order to present upon appeal the point that the return to a summons in Justice's Court is insufficient to give jurisdiction, or that it does not appear that the appearance of another person for defendant was authorized, that these grounds should be specifically stated in the notice of appeal; a general statement therein as a ground for appeal that the justice had no jurisdiction is sufficient. (LOTT, Ch. C., and GRAY, C., dissenting.)

*Sperry et al.* v. *Reynolds* (5 Lans., 407) reversed.

(Argued January 7, 1875; decided May term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment of the County Court of Cortland county, which affirmed a judgment, in favor of plaintiff, of a justice of the peace.

The return to the summons issued by the justice was as follows : " Served, copy left the 9th day of February, 1869, by David Wallace, constable." On the return day the plaintiffs appeared and complained. One Silas Crandall appeared and answered for defendant. There was no proof whether Crandall was or was not, in fact, authorized to appear for defendant. After the issue was joined, the cause was, by consent, adjourned from February eighteenth to March ninth. On the latter day the plaintiff again appeared, and no one appearing for defendant, they gave proof, and the justice gave judgment in their favor.

The defendant appealed to the County Court. In his

notice of appeal, he stated, as one of the grounds of appeal, " that the justice had no jurisdiction of the action or of the person of the defendant."

Further facts appear in the opinions.

*M. M. Waters* for the appellant. The justice did not obtain jurisdiction of defendant's person by the appearance of Crandall for him. (42 N. Y., 41; *Osborn* v. *Bk. U. S.,* 9 Wheat., 738, 741, 752, 829; 1 T. R., 62; 38 How., 417; 6 How. [U. S.], 163, 186; Am. L. Reg., May, 1866; 9 Abb. [N. S.], 1, 8, 9; 5 Lans., 411, 416.)

*H. Ballard* for the respondents. The justice obtained jurisdiction by the appearance of Crandall and the service of the summons. (2 R. S., 228, § 15 [o. p.]; id., § 18, subd. 2; id., 232, § 41; 233, § 45; *Ackerman* v. *Finch,* 15 Wend., 652; *Armstrong* v. *Craig,* 18 Barb., 387, 391.) The question whether Crandall was in fact authorized to appear is not before the court, because the notice of appeal does not state that he had no authority, and because it was not established that he appeared without authority. (Code, § 353, as amended in 1852; *Fowler* v. *Milliman,* 2 Hun, 408; *Delong* v. *Brainard,* 1 T. & C., 1; *Nolan* v. *Page,* id., Ad. 2; 2 Wait's L. and Pr., 856; Code, § 366; *Hurd* v. *Beeman,* 8 How., 254; *N. Y. and E. R. R. Co.* v. *Purdy,* 18 Barb., 574; *Roberts* v. *Burrell,* 3 T. & C., 30; *Miller* v. *Larmon,* 38 How., 417.)

EARL, C. The sole ground upon which defendant seeks a reversal of the judgment is, that it was not proved before the justice that Crandall was authorized to appear for him on the return day of the summons served by copy.

Suits may be instituted before justices of the peace, either by the voluntary appearance and agreement of the parties or by process. Suits instituted upon process by summons are considered as commenced when the summons is delivered to a constable for service, and suits instituted without process, at the time when the parties join issue. (2 R. S., 228, §§ 11,

12.) When a constable having a summons for service cannot find the defendant, he must serve the same "by leaving a copy thereof at the defendant's last place of abode, in the presence of some one of the family of suitable age and discretion, who shall be informed of its contents;" and after service, he must "return thereupon, in writing, the time and manner in which he executed the same, and sign his name thereto." (§§ 15, 16.) But mere service by copy does not give the justice jurisdiction of the person of the defendant, nor the right to try the action or render judgment therein. (2 R. S., 234, § 46; 2 Wait's Law and Pr., 55, 69, 72; 1 Cowen's Tr. [2d ed.], 504.) Here there was not even competent proof that the summons was ever properly served by copy. The only return signed by the constable was as follows: "Served, copy left the 9th day of February, 1869." The return does not state that the defendant could not be found. Such a return is insufficient to show a legal service, or to authorize the justice to proceed in the action in the absence of the defendant. (*Bromley* v. *Smith*, 2 Hill, 517; 2 Wait, 72; 1 Cow. Tr., 503, 504.) Hence the justice did not obtain jurisdiction of the defendant unless it was obtained by the voluntary appearance of the parties and joining issue; and the sole question to be determined is, whether, from what appears in the record, we can say that the parties did appear and join issue.

In Justice's Courts there are no attorneys at law. All persons who appear there for parties are mere agents or attorneys in fact. The statute provides that any plaintiff or defendant, of lawful age, may appear in the suit by attorney. (2 R. S., 233, §§ 39, 41.) The authority to appear by attorney may be either written or verbal, and must in all cases be proved, unless admitted by the opposite party; and the justice must not permit any person to appear without such proof or admission. (§ 45.) This statute was not passed for the protection of a party for whom an attorney may appear, but for the protection of the opposite party, and hence that party can waive any proof of the attorney's authority. The plaintiffs

did waive it in this case by not objecting to Crandall's authority to appear (*Ackerman* v. *Finch*, 15 Wend., 652), and hence they were concluded by his appearance. There is no statute requiring the justice to take any proof of the authority to appear, looking to the protection of the party for whom the appearance is made. His rights are left to rest upon a common-law basis.

In courts of record which have attorneys it has been held, for reasons of convenience and public policy, that a party may be bound by an unauthorized appearance of a responsible attorney. In those courts the attorneys are licensed as such, and are authorized to appear and represent parties in the court. They are, in a certain sense, officers of the court, and, to a certain extent, are under the control of the courts, which can exercise a coercive power over them; and the courts can, in the action in which an unauthorized appearance has been put in, give a party such relief against it as he ought to have. (*Denton* v. *Noyes*, 6 J. R., 296; *Hamilton* v. *Wright*, 37 N. Y., 502; *Brown* v. *Nichols*, 42 id., 26.) But the principle of these cases cannot be applied to courts which have no attorneys, in which any person may appear for a party and which have not power to administer relief in the action which is possessed by courts of record. My opinion is, that in all cases where the jurisdiction of the justice depends upon the appearance of a party, the party may show that he did not appear, or that the appearance of any one for him was unauthorized, and that he may thus assail or defend against the judgment entered against him. This is upon the principle that a judgment rendered against a party, of whose person no jurisdiction was obtained, cannot be binding upon him. But while a party is not absolutely bound by an unauthorized appearance for him, the next question to be considered is, whether, when an appearance has been put in for a party in Justice's Court, it must be presumed to have been authorized. Such is undoubtedly the rule in courts of record which have attorneys. When an attorney appears there for a party the presumption is that he was authorized, and the party asserting that the appear-

ance was unauthorized must show it if he claims any relief on that account. But this is so for reasons applicable to such courts only. In *Osborn* v. *United States Bank* (9 Wheat., 738) Chief Justice MARSHALL says, that the authority to appear must exist, "but its production has not been considered as indispensable. Certain gentlemen first licensed by government are admitted, by order of court, to stand at the bar with general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause has always been received as evidence of his authority, and no additional evidence, so far as we are informed, has ever been required. This practice, we believe, has existed from the first establishment of our courts, and no departure from it has been made in those of any State or of the Union." These reasons are not applicable to the case of an appearance in Justice's Court by one acting as a mere agent or attorney in fact. Such an appearance must be governed by the general law of agency. If unauthorized, it does not bind the party; if authorized, the authority must appear. As said by Ch. J. MARSHALL in the case above cited: "No man has a right to appear as the attorney of another without the authority of that other. In ordinary cases the authority must be produced, because there is, in the nature of things, no *prima facie* evidence that one man is in fact the attorney of another." In all ordinary cases where one man is sought to be bound by the act of another who has assumed to act as his agent, the party seeking to hold him bound by such act must show the agency. We can perceive no reason for not applying the same rule to this case. The statute provides, that the parties may appear and join issue and thus confer jurisdiction; and hence, in such case the record must show that the parties did thus appear. What does this record show? It shows that the plaintiff appeared and that defendant did not appear in person, but that one Crandall appeared for him. The record shows no appearance by defendant without proof, in some form, that Crandall was authorized to represent him. This conclusion I believe to be in consonance with sound policy.

It can cause no practical inconvenience. The opposite party or the justice can always require proof of authority to appear for an absent party, and thus the record will show an authorized appearance. A different conclusion would impose upon an innocent party, for whom an attorney has made an unauthorized appearance, the uncertain remedy of a suit against the attorney, and would in all cases place upon him the burden of showing a negative that the appearance was not authorized and would subject him to the hazard of paying a judgment of which he knew nothing until an execution was presented for its collection. For the reason, therefore, that this record does not show an appearance of this defendant before the justice by an authorized attorney so as to give jurisdiction of his person, I favor a reversal of all the judgments below, with costs.

DWIGHT, C. The question in this cause is, whether, in case a summons issuing from a justice of the peace is served by copy, an appearance by some person in his behalf is such presumptive evidence of authority as to give the justice jurisdiction over the case.

The Revised Statutes (vol. 2, p. 228, § 15) provide that where the defendant shall not be found, the summons shall be served by leaving a copy thereof at the defendant's last place of abode, in the presence of some one of the family, of suitable age and discretion, who shall be informed of its contents.

The eighteenth section provides, in this case, that on the return day of the summons, if the defendant shall not have appeared or shown good cause for not appearing, the suit shall be deemed discontinued, unless a warrant, etc., against the defendant be issued on that day; and if so issued, the suit shall be deemed to have been continued thereby.

There was no continuance of the present action, unless there was a sufficient appearance by the defendant. The return of the justice on the appeal showed that the defendant did not appear in person, but that one Silas Crandall appeared for him, and that Crandall did not swear to his authority to appear

for the defendant, and did not in any manner prove his authority to appear for the defendant in the action at the time of joining issue. By consent of the plaintiffs and Crandall, professing to act for the defendant, the cause was adjourned from the return day, February 9, 1869, to March ninth. This adjournment, unless it was in fact assented to by the defendant, deprived the justice of jurisdiction over the cause, if he previously had any. (2 R. S., 238, §§ 67–69.) It did not appear that Crandall was an attorney and counselor at law. Under such circumstances can there be any presumption raised that this person was authorized to appear for the defendant, or is it essential to the jurisdiction of the justice that Crandall's authority should have appeared affirmatively ?

It must now be deemed to be established as law in this State that a judgment recovered in a court of record cannot be attacked collaterally for want of jurisdiction, though the defendant was not served with process and had no knowledge of the suit, provided that an attorney appeared for him, not having authority. (*Brown* v. *Nichols*, 42 N. Y., 26.) This conclusion was arrived at on the authority of *Denton* v. *Noyes* (6 Johns., 296), by a bare majority of the court. The doctrine is in opposition to the ruling of the Supreme Court of the United States in *Shelton* v. *Tiffin* (6 How. [U. S.], 163). The decision of the court in *Brown* v. *Nichols* was not placed solely on the law of agency, but partly on grounds of public policy. It was, no doubt, as far as judgments concerning real property were concerned, rested largely upon the ground that if the judgment were made a nullity, it would be a great hardship to compel persons in tracing their titles through the records of the courts to inquire, in every instance where a judgment had been entered, into the particular authority which the attorney had to appear in such actions. (See p. 32.)

It is a very different question, however, whether a defendant wholly without fault ought not to be relieved in the same action in which the unauthorized appearance is had, by motion or other appropriate proceedings. No sound argument of public policy can be urged against such relief, where the rights

of purchasers in good faith are not affected. This power of
the courts should be exercised with much liberality, and with
a desire to prevent the abuse or perversion of legal process.
It is no good answer in such a case to say that the party
injured by the unauthorized appearance has a legal remedy
against the attorney. This would be, in many instances, but
a barren remedy. The pecuniary responsibility of the attor-
ney is a matter of collateral inquiry, and cannot be properly
considered by the court. This point was carefully examined
in *Bayley* v. *Buckland* (1 Exch., 1). In that case the
correct rule was held to be, that if the defendant has
been served with process, and an attorney without author-
ity appears for him, the court must proceed as if the
attorney really had authority, because in that case the defend-
ant having knowledge of his suit being commenced, is
guilty of an omission in not appearing and making defence
by his attorney. In other words, the plaintiff is without
blame and the defendant is guilty of negligence. Even in
that case, if the attorney were not solvent the defendant would
be relieved on equitable terms. On the other hand, if the
plaintiff, without serving the defendant, accepts the appear-
ance of an unauthorized attorney for the defendant, he is not
wholly free from the imputation of negligence. The defend-
ant is wholly free from blame, and the plaintiff not so. On
this last branch of the rule the court proceeded to set aside
the judgment, execution and all proceedings subsequent to
the summons, that having been personally served. See, to the
same effect, *Coxe* v. *Nicholls* (2 Yeates, 546); *Compher* v. *Ana-
walt* (2 Watts, 490); *Holker* v. *Parker* (7 Cranch, 436);
*Critchfield* v. *Porter* (3 Ohio, 518).

This want of authority may not only be raised by motion,
but also by writ of error. The technical ground on which
that goes is, that to be strictly regular a warrant of attorney
must be filed and become a part of the record. If the attor-
ney were in fact authorized that might be filed *nunc pro tunc*,
and the want of it would be cured after verdict by the statutes
of *jeofails*. If he was wholly unauthorized he of course

could not, on proper proceedings for the reversal of the judgment, file any such warrant, and the judgment must accordingly be reversed. (See Tidd's Practice.) *Denton* v. *Noyes* (6 J. R., 296) is, perhaps, opposed to these views. It has, however, been severely criticised as to the extent to which the doctrine there was carried. I see no good reason for following it. So far as it is adverse to a review of the proceedings in the same action, whether by motion or writ of error, see remarks of an able writer (Judge Dillon), in 5 American Law Register (N. S.), 392; *Meacham* v. *Dudley* (6 Wend., 514); *Williams* v. *Van Valkenburgh* (16 How. Pr., 144); *Ellsworth* v. *Campbell* (31 Barb., 134); *Allen* v. *Stone* (10 id., 547); *Shelton* v. *Tiffin* (6 How. [U. S.], 163); *Price* v. *Ward* (1 Dutcher, 225; 25 N. J. L. R.).

The ruling in the case of *Denton* v. *Noyes* should not, in any event, be applied in favor of the present plaintiff. That case is expressly put upon the ground that the party appearing was a licensed attorney, and that he was an officer of the court, and upon the great public inconvenience of holding the plaintiff bound to inquire into the attorney's authority. It was a rule intended for the government of proceedings in a court of record, and applied to officers over whom that tribunal has summary authority. There are no reasons in favor of extending such a rule to the inferior courts where attorneys at law do not necessarily appear for a client, but where any person of sufficient judgment and discretion, without an attorney's license, may represent either of the parties. In such a case, where a summons is served by copy, the authority of the attorney should be made to appear affirmatively in some appropriate manner. Mr. Parsons, in his work on contracts, volume 1, pages 113, 114, makes this distinction, in substance, between the appearance of an attorney at law, and one in fact, holding in the one case that the authority may be presumed, and in the other that it must be proved, if required.

If these views are correct, the defendant was not bound to object, nor to attend on the return day, nor to take any steps whatever. He was only under such an obligation in

case of personal service. . The question then recurs, can Cran-
dall, by his own unauthorized act, put the defendant in a
position where he is bound to object? I think not. The
case must be governed by the usual rules of agency. Nothing is
better settled than that a person cannot, by his own acts, make
himself an agent. The true inquiry always is, what has the
principal done to authorize the agent's acts? It is, how-
ever, said that the question is not before the court, first,
because it is not stated in the notice of appeal as a ground of
error that Crandall appeared without authority; and, second,
that the notice of appeal refers to errors of fact to be estab-
lished by affidavits to be hereafter served, and no such affidavits
were served.

These objections are untenable. This was a question of
law. If the proof of the authority must appear affirmatively,
the justice had no jurisdiction. This was expressly stated in
the notice as a ground of appeal. It was wholly unnecessary
to establish any errors in fact; and the notice of appeal, in
that aspect, simply contained superfluous matters.

This case is reviewable by this court, as the error is appar-
ent on the face of the proceedings. A motion for a new
trial could, of course, not be made before the justice. The
error is subject to correction at every stage of the appeal

These conclusions are not affected by the provisions of 2
Revised Statutes, 233, section 45. That section provides that
"the authority to appear by attorney may be written or ver-
bal, and shall in all cases be proved, either by the attorney
himself or other competent testimony, unless admitted by
the opposite party; and the justice shall not permit any person
to appear for another without such proof or admission."
This clause, from its terms, was manifestly designed, in the
main, to protect the opposite party to the action from unau-
thorized appearances. A waiver by that party cannot affect
the rights of the person for whom such an appearance is
made. On general principles of law, the court gained no
jurisdiction over the defendant, except from a personal ser-
vice of the summons, or from his appearance. This appear-

ance must be the defendant's own act, and the statute above cited was not designed to affect that rule. Its general intent rather is to protect the rights of an opposing party in all cases, whether the court has jurisdiction or not; and to give him information whether the opposite party is legally present, so as to justify adjournments and other steps in the cause whose validity may depend on the presence or assent of a party.

The judgment of the court below should be reversed, with costs.

Lott, Ch. C. (dissenting). I cannot concur in the preceding opinions.

1. The defendant, in his notice of appeal from the judgment of the justice to the County Court does not claim, as a ground of appeal, that the return by the constable of the service of the summons was insufficient to show that it was properly served by leaving a copy thereof for him as authorized by section 15 (under article 2) of title 4, chapter 2, part 3 of the Revised Statutes (see 2 R. S., 228); and his counsel, on the present appeal, in his statement of the case, substantially concedes that it was properly served. He says : "The only question in the case arises over the *authority* to appear by *one Crandall* before the justice for the defendant on the return day of the summons, the summons having been only served by copy." Hence it must now be assumed that there was a sufficient service of the summons on the defendant in one of the modes prescribed by law.

2. It is provided by section 41 (under article 3) of the same title that "every defendant in a suit, except persons under twenty-one years of age, may appear and defend the same in person or by attorney," and by section 44 of that article it is declared that "a party authorized to appear by attorney may appoint any person to act as such attorney." By the next section (§ 45), it is further declared as follows, viz. : " The authority to appear by attorney may be either written or verbal, and shall in all cases be proved, either by the attor-

ney himself or other competent testimony, unless admitted
by the opposite party; and the justice shall not permit any
person to appear for another without such proof or admis-
sion." It is then provided, by section 47 (under article 4) of
the same title, that "at the time of the first appearance of
the parties before the justice, either upon the return of pro-
cess or their voluntary appearance to join issue, the pleadings
of the parties shall be made and the issue joined; and where
both parties have appeared, an issue shall be joined before
any adjournment shall be had, except where the defendant
shall have appeared upon a warrant," as thereinafter provided.
(See R. S., vol. 2, pp. 232, 233.)

It thus appears that it was competent for the justice, upon
the return of the summons, to recognize the appearance of
the defendant, either in person, or by attorney on proof of
his authority, as prescribed by section 45, or by the admission
thereof by the plaintiff. There is nothing in any of the pro-
visions to which I have referred that limits such recognition
to a case where the summons was personally served. The
evidence required is the same whether the service is personal
or not. Now it becomes important to ascertain what is stated
in the original return, and subsequently in the amended return
of the justice, to determine whether any thing is returned in
them, or either of them, to show error by him in the rendi-
tion of the judgment from which the appeal to the County
Court was taken. The original return, after stating that the
summons issued on the eighth day of February and returnable
on the 18th day of February, 1869, was returned "served, copy
left the 9th day of February, 1869, by David Wallace, con-
stable," with his return duly indorsed, states as follows, viz.:
"At the time and place last mentioned the parties appeared
and joined issue." It then, after setting forth the plaintiffs'
complaint and the defendant's answer, contains the following
statement: "The issue being thus joined the cause was
adjourned by consent of the parties to the 9th day of March,
1869, at eleven o'clock A. M., at this place. At the time and
place last aforesaid the plaintiffs again appeared, and the

defendant did not appear, when the court waited twenty-five minutes past twelve o'clock, M., at which time the plaintiffs, to maintain their action, called one of the plaintiffs, who testified as follows." His testimony is detailed, and was sufficient to warrant a recovery. It is then said that "the testimony here closed;" that the testimony so detailed was all that was given on the trial, and that the justice thereupon rendered his judgment. There cannot be any doubt, upon the facts so returned, of the validity of the judgment. The further or amended return stated:

1. That "the defendant did not appear in person, but Silas Crandall appeared for him."

2. "That Silas Crandall appeared for the defendant and answered for him."

3. That the said "Silas Crandall did not swear to his authority to appear for the defendant, and he did not, in any manner, prove his authority to appear for the defendant in the said action at the time of the joining of the issue in the action."

Those additional facts do not change the substance and effect of the matter stated in the original return. They show that the authority of Crandall to appear for the defendant on the return of the summons and joining issue was not "*proved*, either by the attorney himself or other competent testimony," as required by section 45 above set forth, but they do not show that his authority so to appear was not *admitted by the opposite party* (the plaintiffs); on the contrary, the facts returned of the appearance of the plaintiffs and Crandall, the putting in the answer for the defendant by Crandall, the *acceptance of that answer by the plaintiffs*, the adjournment of the trial by the consent of the plaintiffs and Crandall to a future day, and the proceeding of the plaintiffs on the adjournment to prove the facts alleged in the complaint, and put in issue by the said answer, constitute as full and unequivocal an admission by them of Crandall's authority to appear as if the return had stated in express terms that it was so admitted. Such admission, by the terms of that section, dispensed with

the necessity of the proof or testimony thereby required in case it had not been given, and the justice was, under the last clause of the section, by necessary implication, resulting from those facts, authorized to *permit* Crandall to appear for the defendant. Hence it follows that the returns separately or collectively do not show any error in the rendition of the judgment, nor do they show that Crandall in fact had no authority to appear for the defendant, and I will add that there is nothing before us to justify or warrant the conclusion or inference, or even a well-founded, or indeed any justifiable suspicion, that he did not have full authority to do all and every thing that was done by him. All that appears on that question is contained in the defendant's notice of appeal to the County Court, in which he states, among other grounds upon which his appeal was founded, as his fifth ground, as follows, viz.: "5. That this appeal is founded on errors of fact to be established by affidavits, to be hereafter served, and other proofs;" but it does not appear that such affidavits or other proofs were ever served. It is true that there is printed in the case an affidavit on which the county judge made an order directing a further or amended return as to the matters stated in it, and that the defendant therein, after stating that the said justice had not in said return correctly returned all the proceedings had before him, said that he did not appear in the action before the justice or authorize any other person to appear for him in the action before the justice; but that affidavit does not form any part of the justice's return. The plaintiffs cannot be affected by it.

It is material to notice, in this connection, that the defendant does not, in either of the six grounds on which he says, in his notice of appeal, that his appeal is founded, state or in any way intimate that Crandall had no authority to appear or answer for him on the return of the summons, and indeed he does not even allege or state in terms that ·he did not himself appear. All that is alleged on that subject is contained in the second ground stated, that "the justice had no jurisdiction of the action or of the person of the defendant," and it is apparent,

I think, that the real ground on which his claim for reversal of the judgment appealed from was to be based was the errors of fact which he intended to set forth in an affidavit or other proof subsequently to be served, and thereby seek to make a case for relief under section 366 of the Code. These, however, as before stated, were never served, and there is no foundation whatever laid or any theory whatever presented to us showing any error *in fact.* It is consequently unnecessary to inquire whether it would have been a sufficient ground for the reversal of the judgment if it had been affirmatively shown by the defendant to the County Court that he he had not in fact authorized Crandall to appear for him.

It appears to be conceded that if. the returns, or either of them, had shown that the authority of Crandall to appear for the defendant had been proven either by Crandall himself or other competent testimony, then the justice would have been authorized to permit his appearance, and would have had jurisdiction to take an answer and render a valid judgment upon the requisite proof of the cause of action alleged. I am unable to appreciate on what principle the jurisdiction can be maintained, and the validity of the judgment can be supported and sustained in such case, any more than by the admission of the plaintiff of such authority. The requirement of the section referred to is not that such authority shall be proven in all cases, but that proof of it must be so given *" unless admitted by the opposite party."* It follows that the *proof* of the authority is of no greater effect and confers no more or greater power on the justice than an *admission by the plaintiff* of the fact; but, on the contrary, such admission authorizes the justice to dispense with the proof directed and required to be given in the absence of such admission. Conceding it to be true, as claimed on behalf of the defendant, that the requirement of the section is for the protection and security of the plaintiff, he certainly can require no better evidence of the authority of an attorney to appear for the defendant than his own admission; but be that as it may, his admission renders any other proof unnecessary. Again, if it be

conceded that an unauthorized appearance for the defendant would invalidate a judgment (as to which it is not necessary to express an opinion), then no evidence given by the person professing to be his attorney, whether given by himself or by other competent testimony, would, if untrue, be more effectual than an admission of the plaintiff in establishing or proving the authority. Hence the case, as presented by the returns, showing such admission, is not different in its legal effect than it would have been if Crandall had sworn to his authority or had introduced proof, in the opinion of the justice, sufficient to prove it, and if in either case the authority did not in fact exist, the returns, without extraneous proof to contradict or impeach them (assuming such proof could be given), would, nevertheless, show that the judgment was properly recovered and valid.

My conclusion, therefore, is that the judgment appealed from should be affirmed, with costs.

For reversal: Earl, Dwight and Reynolds, CC. For affirmance : Lott, Ch. C., and Gray, C.

Judgments of the General Term of the County Court and of the Justice's Court reversed.