## MORDECAI RICKEY, Respondent, v. JAMES A. CHRISTIE, Appellant.

*Practice—appearance of a party by an attorney in a Justice's Court—an objection to the authority of the attorney so to do is waived by the failure of the adverse party to raise it— Code of Civil Procedure, secs. 2886, 2889, 2890.*

In this action, commenced by the plaintiff in a Justice's Court, the summons was personally served on the defendant. Upon the return day the plaintiff appeared by one Bently and the defendant by one Barlow, both of whom were attorneys and counselors-at-law. Issue having been joined the cause was adjourned by consent of the parties to July twenty-first, at which time the plaintiff appeared in person, but the defendant did not appear. Upon the evidence then offered by the plaintiff a judgment was entered in his favor.

*Held,* that it should be affirmed.

That although the plaintiff did not appear on the return day, his appearance on the adjourned day was a ratification of the act of Bently in then appearing for him.

*Underhill* v. *Taylor* (2 Barb., 348) followed.

That as the plaintiff did not require Barlow to show or prove his authority to appear for the defendant, or object to his failure so to do, the justice was not bound to require proof of such authority, and was authorized to grant the adjournment and to enter the judgment.

*Ackerman* v. *Finch* (15 Wend., 652) followed; *Sperry* v. *Reynolds* (65 N. Y., 179, and other cases) considered and distinguished.

APPEAL from a judgment of the County Court of Chemung county, affirming the judgment of a Justice's Court.

From the justice's return it appears "that on the 7th day of July, 1884, a suit was commenced by the plaintiff in Horseheads, in Chemung county, by a summons issued on that day in favor of the plaintiff against the defendant, returnable July 14, 1884, at twelve o'clock at noon." It appears the summons was returned, personally served, July 8, 1884, with the constable's "return duly indorsed thereon."

"At the time and place last mentioned (fourteenth) the parties appeared, the plaintiff by F. S. Bently, the defendant by Cyrus Barlow. The complaint and answer were in writing."

"Issue being thus joined, the cause was adjourned by consent of parties to the twenty-first day of July, then instant, at one o'clock P. M., at the justice's office."

"At the time and place last mentioned, the plaintiff again

appeared. The defendant did not appear." The return of the justice also states, viz.: "That the persons who pretended to appear for the respective parties, or either of them, at the joining of issue in this cause, on the return of the summons, made no proof by affidavit or otherwise of their or his authority to appear in the case as attorney for the plaintiff or defendant therein;" that "Mordecai Rickey, the plaintiff in this action, did not appear at the joining of the issue in the above case or at any other time, other than at the trial on the 21st of July, 1884." That the plaintiff "appeared by F. S. Bently, at the joining of the issue, and the defendant appeared by Cyrus Barlow. On the twenty-first day of July, the day the suit was tried, the plaintiff appeared in person. The defendant did not appear."

The justice also returns, viz.: "That Cyrus Barlow, who appeared for the defendant on the joining of the issue, and who consented to the adjournment, was at the time and still is an attorney and counselor-at-law, duly admitted and licensed to practice as such in the several courts of this State, and is the same person and attorney whose name is subscribed to the notice of appeal herein as attorney for the defendant and appellant, James A. Christie;" "that F. S. Bently, who appeared for the plaintiff Rickey, on the return of the summons herein, was also an attorney and counselor-at-law, duly authorized and licensed to practice as such."

The evidence given upon the trial was sufficient to establish the cause of action stated in the plaintiff's complaint, and to authorize the judgment for the plaintiff for eleven dollars damages. No question is made by the defendant upon the merits as to the sufficiency of the evidence. The judgment rendered by the justice on the 21st day of July, 1884, was as follows: "In favor of the plaintiff and against the defendant for damages, eleven dollars; costs, two dollars and sixty cents; total, thirteen dollars and sixty cents."

The judgment was sustained by the County Court.

*James A. Christie*, appellant, in person.

*Dailey & Bently*, for the respondent.

HARDIN, P. J.:

By personal service of summons upon the defendant, as shown by the summons and the constable's return thereon, the justice obtained

jurisdiction of the person of the defendant, and over the subject-matter of the action.

In *Barnes* v. *Harris* (4 N. Y., 376), GARDNER, J., says : "It may be assumed as a principle to which, it is believed, there is no exception, that a court having authority to issue a process acquires jurisdiction of the person of the defendant, *prima facie,* by a personal service of that process upon him in the manner required by law."

The same doctrine is followed and reasserted in *Wilkinson* v. *Vorce* (41 Barb., 374), where it was said, that although a constable who has served the process by which the action was commenced was prohibited from appearing and acting for the plaintiff upon the trial, and such action on his part was an error for which a judgment would be reversed, it was not such an error as would take away the jurisdiction.

The defendant had an opportunity to appear on the return day. He neglected to avail of that opportunity to appear in person. Although the appearance for the plaintiff on the return day of the summons was by his agent or attorney, that appearance was ratified by the plaintiff, who appeared in person on the adjourned day, which was not more than eight days from the date of joining issue, and was, therefore, a time proper for the adjournment, irrespective of any appearance on the part of the defendant.

In *Underhill* v. *Taylor* (2 Barb., 343) it was held that where, on the joining of issue, a person appeared in behalf of one of the parties without objection, and without producing any evidence of his authority, but on the trial of the cause such party appeared in person, that such appearance by the party was evidence of the authority of the person who joined the issue to appear for him. CADY, P. J., in his opinion in that case, remarks, viz.: "Taylor appeared in person on the trial of the issue which Edwards had joined for him. This was abundant evidence that Edwards had authority to join the issue."

*Second.* In article 3, part 3, chapter 2 of the Revised Statutes (2 R. S., 232) it was provided, viz.: "Any plaintiff in a suit before a justice, except persons under twenty-one years of age, may appear and conduct his suit either in person or by attorney." (Sec. 39.) And it was also provided in section 41, viz. : "Every defendant .in a suit, except persons under twenty-one years of age, may appear and defend

the same in person or by attorney; but where a warrant shall have been served on a defendant and returned, no further proceedings shall be had against him until he shall have personally appeared in court." In section 44 it was provided as follows, viz.: "A party authorized to appear by attorney may appoint any person to act as such attorney; but the constable who served either the original or jury process in the cause shall not appear and advocate for either party at the trial, but may act as attorney in any other stage or proceeding in the cause." In section 45 it is provided as follows, viz.: "The authority to appear by attorney may be either written or verbal, and shall in all cases be proved either by the attorney himself or other competent testimony, unless admitted by the opposite party; and the justice shall not permit any person to appear for another without such proof or admission." (2 R. S., 233.)

Section 2886 of the Code of Civil Procedure is as follows, viz.: "A party to an action before a justice of the peace, who is of full age, may appear and prosecute or defend the same in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs."

Section 2889 provides: "Any person, other than the constable who served the summons or the venire, or law partner or clerk of the justice, may be the attorney for a party to an action before a justice of the peace."

Section 2890 of the Code is as follows: "The attorney's authority may be conferred orally or in writing, but the justice shall not suffer a person to appear as an attorney unless his authority is admitted by the adverse party or proved by the affidavit or oral testimony of himself or another."

A careful inspection of section 45 of the Revised Statutes, which is quoted, and a comparison thereof with section 2890 of the Code, leads to the conclusion that there is no essential difference in the language of the two provisions of the statutes. In the former case the words "the justice shall not permit" are equivalent to the words found in section 2890, "the justice shall not suffer a person to appear," etc. In other respects the provisions of the Code, which we have quoted, are essentially like the provisions of the Revised Statutes above quoted. Under the Revised Statutes it was held, in *Ackerman* v. *Finch* (15 Wend., 652), viz.: "A justice of

the peace is not bound to require proof of the authority of a person who claims to appear as attorney for one of the parties in a cause prosecuted before him, if the other party does not object to such appearance. If a party does not object to the appearance of his adversary by attorney, he will be deemed to have admitted his authority to appear." In that case, on the return of the process, the plaintiff appeared by his attorney. The defendant did not appear in person, but another person appeared as his attorney, and in delivering the opinion of the court COWEN, J., said, viz. : " Neither attorney objected to the authority of the other, and the justice neither required nor took any proof of their authority pursuant to 2 Revised Statutes (233, § 45). I think, however, the non-objection must be received for admission within the meaning of the statute that declares expressly that admission shall be equivalent to proof." (2 R. S., 233, § 45.)

The learned appellant calls our attention to *Sperry* v. *Reynolds* (65 N. Y., 179), which was decided in 1875 while the Revised Statutes were in force, and insists that that is an authority overruling *Ackerman* v. *Finch* (*supra*). In *Sperry* v. *Reynolds* the summons was served by copy, and it was held that the service was not good, and that it was not sufficient to authorize the justice to proceed in the action in the absence of defendant. It was further held in that case, viz. : " Where the jurisdiction of a justice in an action depends upon the voluntary appearance of a party, such party may assail or defend against a judgment rendered against him by showing that he did not appear, or that the appearance of any one for him was unauthorized." And it was further held that there was nothing in the record then before the court to show that the justice obtained jurisdiction. That case was decided by a divided court, and EARL, Com., in the course of the prevailing opinion, says, in respect to section 45, Revised Statutes, viz. : " This statute was not passed for the protection of a party for whom an attorney may appear, but for the protection of the opposite party, and hence that party can waive any proof of the attorney's authority. The plaintiff did waive it in this case by not objecting to Crandall's authority to appear (*Ackerman* v. *Finch*, 15 Wend., 652), and hence they were concluded by his appearance. There is no statute requiring the justice to take any proof of the authority to appear,

looking to the protection of the party for whom the appearance is made." And towards the close of the opinion the learned commissioner adds, "for the reason, therefore, that this record does not show an appearance of this defendant before the justice by an authorized attorney so as to give jurisdiction of his person, I favor a reversal of all the judgments below, with costs."

It will be observed, therefore, that the case now before us differs from that one inasmuch as the justice had jurisdiction in the case now in hand, upon the return of the summons personally served. We regard *Ackerman* v. *Finch* a binding authority applicable to the question now before us, although *Bennett* v. *Brown* (4 Comst., 254) and *Davis* v. *Marshall* (14 Barb., 96), and other authorities, are to the effect that a bond is necessary in certain attachment cases and must be given before the justice obtains jurisdiction; and, so far as *Ackerman* v. *Finch* involved the question of the sufficiency of the steps to obtain jurisdiction, it may be regarded as questioned. We think in regard to the point involved in the case in hand, that it remains as an authority undisturbed by any decision to which our attention has been called, or which we have been able to find by our own research of the authorities.

In chapter 204 of the Laws of 1808, in the "act for the more speedy recovery of debts to the value of twenty-five dollars," passed April 11, 1808, section 25 was as follows: "And be it further enacted, that it shall not be lawful for any justice, in any case to be tried at any court held before him, to admit or permit any person to appear and advocate in the said court in any cause to be tried before such justice, for any party in any manner whatever, provided nevertheless, that if any such person shall be prevented from attending on the trial of his, her or their cause by reason of sickness or absence from the county in which any such cause shall be tried and proof thereof be made, such cause shall be exempt from the foregoing provision." While that section remained the law several decisions were made in cases arising under it. Our attention has been called to those cases by the appellant.

In *Rosekrans* v. *Van Antwerp* (4 Johns., 229), decided in 1809, we find a reference to the Session Laws of 1808, where it was held that the justice had no right to act upon his personal knowledge that the plaintiff was absent from the county, and it was held that

the justice erred in acting upon such personal knowledge, and the court observed, in commenting upon the statute, viz.: "As this provision in the statute is a pretty rigorous restraint of the common law right of every party to appear by attorney, and may operate, in many cases, most severely upon a party who is wholly unskilled in conducting a cause, or even in stating a case, we could wish that the proviso admitted of greater latitude of interpretation, but as the statute is explicit that proof of the absence of the party must be made before the attorney is to be admitted, the justice cannot act from his own knowledge and call that knowledge proof."

Appellant calls our attention to *Tullock* v. *Cunningham* (1 Cow., 256), where it was said "the authority of an attorney, who appears either for a plaintiff or defendant before a justice, must be proved." But that case was decided in 1823, and does not aid the defendant. Nor does the case of *Beaver* v. *Van Every* (2 Cow., 429), decided in 1823, where it was held again the justice had no right to decide from his own knowledge that the party was sick and unable to attend, the court saying, viz.: "He should have required the usual proof of an authority to appear." Nor does *Fanning* v. *Trowbridge* (5 Hill, 429) aid the appellant, where it was again held that the justice had no right to allow an appearance by an attorney upon information received out of court as to the attorney's authority, there being no evidence, warrant or waiver of proof in the court. Nor does *Lester* v. *Crary* (1 Denio, 81) aid the appellant. The summons in that case was returnable on the fifteenth of December. It was served by copy, and the justice stated in his return that he saw the defendant on the thirteenth of December, and it was agreed between the defendant and Weaver that they would appear before the justice on the twentieth of December. The justice entered upon his minutes that the parties appeared on the thirteenth of December and adjourned until the twentieth of December. On the twentieth Weaver and Crary went before the justice, and at the request of Crary the cause was adjourned to the twenty-fifth of December. On the twenty-fifth Crary did not appear. Weaver appeared and took judgment, and the court held that a suit can only be commenced by process "or by the voluntary appearance of the parties and joining issue," and again repeated the doctrine, viz.: That a justice has no right to act upon information relating

to the parties or the suit which he has picked up when out of court; and further, it was a mistake, therefore, to enter on his minutes that the parties appeared on the thirteenth and adjourned to the twentieth of December, and when there is no process there is no suit or action pending until the joining issue. Nor does *Hughes* v. *Mulvey* (1 Sanf. Supr. Ct. R., 92) aid the appellant. In that case the summons was served by copy and on the return thereof, the wife of the defendant appeared and put in a general issue, and the cause was adjourned and, on the adjourned day she again appeared with a lawyer, who " moved to dismiss the suit on the ground that the summons having been served by copy, the original appearance of the defendant's wife for him was void, even if she had his authority." The justice overruled the objection. Judgment was taken and was sustained upon an appeal, and the court said, viz.: " As the wife of the defendant, she had no authority to act for him, but the circumstances appearing before the justice in the progress of the case were sufficient to establish the fact that she was authorized to appear and plead in his behalf."

We find nothing in the appeal book indicating that the defendant has any defense upon the merits to the plaintiff's claim, or that any injustice has been done by the judgment which is rendered in the court below.

By the uniform practice of the courts in reviewing proceedings had before a justice of the peace, such judgments are to be sustained by every reasonable and warrantable intendment. (*Schoonmaker* v. *Spencer*, 54 N. Y., 366.)

Being of the opinion that the judgment below should, upon authority, be sustained, and having failed to discover any technical errors or defects affecting the merits, and being commanded by section 3063 of the Code of Civil Procedure " to render judgment according to the justice of the case," we come to the conclusion that it is our duty to sustain the judgment of the Justice's Court and of the County Court, affirming the same. (*Snyder* v. *Schram*, 59 How. Pr., 409.)

Judgment of the County Court of Chemung county affirming the judgment of a Justice's Court affirmed, with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment of the County Court of Chemung county affirming the judgment of a Justice's Court affirmed, with costs.