(24 Misc. Rep. 526.)

### BARNES et al. v. SUTLIFF.

(Sullivan County Court. September, 1898.)

1. JUSTICES OF THE PEACE—PLEADING—SUBSCRIPTION.
    Laws 1881, c. 414, requiring the complaint in an action in a justice court to be subscribed by plaintiff or his agent, is complied with where a complaint is subscribed by a person as plaintiff's attorney, and verified by him as such.

2. SAME—AUTHORITY OF ATTORNEY TO APPEAR.
    Under Code, § 2890, providing that a justice shall not permit a person to appear as attorney unless his authority is admitted by the adverse

party, or proved by the affidavit or oral testimony of himself or another, an attorney's authority is sufficiently proved by his filing a complaint, verified by himself, which recites that he is plaintiff's attorney.

Appeal from justice court.

Action by Fred E. Barnes and others against Truman L. Sutliff. From a judgment rendered in the justice court in favor of plaintiffs, defendant appeals. Affirmed.

James I. Curtis, for appellant.

Frank S. Anderson, for respondents.

SMITH, J. This action was brought in a justice's court to recover for a quantity of goods sold by the plaintiffs to defendant. On the return day Frank S. Anderson appeared as attorney for the plaintiffs, and filed a verified complaint under chapter 414 of the Laws of 1881. The defendant failed to appear, whereupon the justice entered judgment in favor of the plaintiffs for the amount demanded in the complaint. The defendant now appeals from the judgment, and assigns two errors, for which he insists that the judgment must be reversed, viz.: First, that the complaint was not made or subscribed by the plaintiffs or their agent, as required by the act of 1881; second, that the attorney who appeared for the plaintiffs in justice's court made no proof of his authority to appear, as required by section 2890 of the Code. The complaint was drawn in the usual form of a pleading in a court of record. It was subscribed by Frank S. Anderson, plaintiffs' attorney, and verified by him as such attorney. Was this a sufficient compliance with the act of 1881, requiring the complaint to be made and subscribed by the plaintiff or his agent? I think it was. Attorneys at law, as such, are not recognized in justices' courts, but persons who appear there as attorneys are attorneys in fact merely, or agents. Peck v. Hayes (Co. Ct.) 3 N. Y. Supp. 836; Sperry v. Reynolds, 65 N. Y. 179. If the person who appears for a party as attorney in justice's court is the agent of the party, then the verified complaint in this case was made and subscribed by the plaintiffs' agent, and its verification by him was sufficient. Moulding Co. v. Squires (Co. Ct.) 13 N. Y. Supp. 547. The verification sets forth the fact that plaintiffs are not residents of the county, and the sources of deponent's information and belief are stated in conformity to section 526 of the Code.

The second reason assigned by the appellant for a reversal of the judgment presents a more difficult question. The return of the justice shows that the plaintiffs appeared by attorney, who did not swear to his authority to appear. The defendant made default in appearing, and judgment was entered for the plaintiffs. Section 2890 of the Code provides that a justice shall not permit a person to appear as attorney unless his authority is admitted by the adverse party, or proved by the affidavit or oral testimony of himself or another. The defendant, having failed to appear, admitted nothing, and waived none of his legal rights. This statute was passed for the protection of the adverse party, and was intended to compel a party who appears in justice's court by attorney to make proof of the attorney's au-

thority to appear, and thus make the record a protection to the adverse party against subsequent proceedings or litigation instituted upon the same cause of action.   While the attorney for the respondents concedes that he gave no oral testimony before the justice of his authority to appear, still he contends that he filed with the justice an affidavit in the nature of a verified complaint, in which he swears "that he is the attorney for the plaintiffs in the above-entitled action." This is claimed to be a sufficient compliance with section 2890.   The former statute upon this subject provided that a party to an action in justice's court could appear by attorney, and that the authority to appear by attorney may be either written or verbal.   2 Rev. St. p. 233, § 45.   The language of this statute is as follows: "The authority to appear by attorney may be either written or verbal and shall in all cases be proved either by the attorney himself or other competent testimony, unless admitted by the opposite party, and the justice shall not permit any person to appear for another without such proof or admission."   Under this section the authority must be proved by competent proof, and an affidavit or other proof made before the case was called was not sufficient.   Fanning v. Trowbridge, 5 Hill, 428; Beaver v. Van Every, 2 Cow. 429; Lester v. Crary, 1 Denio, 81.   But it will be observed that the Code of Civil Procedure has changed the language of this provision.   Section 2890 requires the authority of the attorney to be proved by the affidavit or oral testimony of himself or another.   Under the law, as it now stands, the proof can be made by affidavit.   Plaintiffs' verified complaint is an affidavit.   Code, § 2843. It was filed with the justice on the return day of the summons.   In it the attorney for the plaintiffs swears "that he is the attorney for the plaintiffs in the above-entitled action."   I am inclined to think that this is sufficient proof of his authority to appear.   Had he made and filed an independent affidavit with the purpose and intention of covering this section of the Code, what more could he have sworn to? That he had been employed by the plaintiffs to collect the bill in question?   It must be seldom, indeed, that a party authorizes an attorney in express words to appear for him.   He employs him to manage and conduct the suit.   The authority to appear is implied from the employment, and proof that a person is the plaintiff's attorney is equivalent to proof that he is authorized to appear for him.   The objection here is purely technical. The summons and complaint were personally served on the defendant, and he made default in appearing.   No injury is claimed to have resulted to the defendant, and there is nothing to show that the attorney was not in fact authorized to appear for the plaintiffs.   Where substantial justice has been done, especially in justices' courts, the court should be astute to prevent its being undone. The judgment should be affirmed.

    Judgment affirmed, with costs.