FREDERICK VEDDER, APPELLANT, v. CORNELIUS VAN BUREN AND OTHERS, RESPONDENTS.

*Action for conversion — arising from a wrongful sale of property — damages when property is bid in by owner — Appeal to County Court — when grounds thereof sufficiently specified in notice of appeal.*

In an action of trespass, brought in the Justices' Court, to recover damages for a wrongful sale of certain personal property belonging to plaintiff, he testified that it was worth $12. Evidence offered by defendant to show that, upon the sale, the property was bid in by or for the benefit of the plaintiff for $7.87, was excluded.

*Held,* that this was error; that, as the property was bid in by the plaintiff, the damages were limited to the amount of the bid.

In the notice of appeal to the County Court, one ground specified was, that "the justice rejected proper evidence offered by the appellant."

*Held.* that this was sufficiently specific to authorize an examination of the question as to the rejection of the evidence above alluded to.

APPEAL from a judgment of the County Court of Montgomery county, reversing a judgment rendered in the Justices' Court. The

action was brought to recover damages occasioned by the sale of certain personal property of plaintiff's by the collector of the village of Port Jackson, acting under the authority of the defendants, the trustees of the village.

*S. W. Jackson*, for the appellant.

*W. L. Van Denbergh*, for the respondents.

BOCKES, J. :

The justice was in error in excluding the evidence offered that the property was bid in on the sale by the plaintiff himself, or for his benefit. The plaintiff had already proved that the value of the property was $12; and it seems that the justice adopted this estimate as the measure of damages, for he rendered judgment for $12 damages. If bid in by the plaintiff, or for his benefit, the true rule of damages would be the amount bid and paid. (*Baker* v. *Freeman*, 9 Wend., 36; *Ford* v. *Williams*, 24 N. Y., 359, 366; *Butler* v. *Miller*, 1 Denio, 407, 413.) This evidence should have been admitted, and so soon as admitted, the rule of damages would be changed from what would otherwise be the rule. It was proved, too, that the property was bid off and sold for $7.87. If the rejected evidence had been admitted, the damages would have been $7.87 only; and the judgment should then have been for no more. It is quite manifest that the ruling was put on the ground that the plaintiff was entitled to the full value of the property as damages, even though he, in fact, bought in the property himself at a sum less than its value.

It is urged that the notice of appeal is not sufficiently specific to raise this question. The Code (§ 353) requires the grounds upon which the appeal is founded to be stated in the notice of appeal. There are many grounds of appeal stated in the notice in this case, some of which are unquestionably sufficiently specific; and it has been held that when the notice well states a single ground on which the appeal is founded, it confers jurisdiction on the county court to examine the whole case as set forth in the justice's return, to see if any error has been committed for which the judgment ought to be reversed. (*Forman* v. *Forman*, 17

How., 255 ; *per contra*, see cases there cited.)   But without putting the decision here on this ground, or asserting its soundness, we are of the opinion that the specification in the notice of appeal that " the justice rejected proper evidence offered by the appellant," must be held to be sufficiently specific to authorize an examination of the question as to the rejection of the evidence above aluded to.   This, perhaps, might be doubtful under the decision in *Deuchars* v. *Wheaton* (16 How., 471); but this case was criticised if not overruled in *Saunders* v. *Keough* (27 How., 477); and since the decision in *Sperry* v. *Reynolds* (65 N. Y., 179), can no longer be deemed authoritative.   According to the ruling in the last case cited, the ground of error was sufficiently stated in the notice of appeal in this case to raise the question above considered.   The rule here laid down is also in accordance with the views of Mr. Wait, in his " Law and Practice." (Vol. 2, pp. 773-4.)   The reversal of the decision of the justice must be affirmed for the reason above stated.   It is unnecessary to examine any other alleged grounds of error.

The judgment of the county court must be affirmed with costs.

LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed with costs.